[No. 27777-4-I.   Division One.   July 6, 1992.]

HAYWARD HALL, *Appellant*, v. SEATTLE SCHOOL DISTRICT NO. 1, *Respondent*.

*William B. Knowles,* for appellant.

*Lawrence B. Ransom, Susan K. McClellan,* and *Karr Tuttle Campbell,* for respondent.

FORREST, J. — Hayward Hall (hereinafter Hall) appeals the Superior Court's ruling that the Seattle School District (hereinafter District) timely appealed the hearing officer's

decision. The District cross-appeals, asserting that the Superior Court erred in denying the District's motion to dismiss Hall's subsequent appeal to the Superior Court on the basis of insufficient service. We affirm.

The issues presented by this appeal are purely procedural.[1] The torturous history of these proceedings is set forth in the appendix. Hall's appeal focuses on a September 26, 1989, decision of the Superior Court remanding the case for further proceedings before the hearing officer. Hall contends that since the District did not appeal the hearing officer's initial decision within 30 days, the Superior Court was without jurisdiction to hear the District's petition. It is undisputed that the District appealed within 30 days of the hearing officer's denial of its motion for reconsideration. Hall argues that the petition to the Superior Court was untimely, and thus the hearing officer's initial decision of August 30, 1988, invalidating the second notice of probable cause, remains valid and precluded the hearing officer from considering the facts developed in the June 14 and 15, 1988, hearing in reaching his ultimate decision to affirm discharge on March 29, 1990.[2] Hall's appeal to this court involves two separate issues: (1) Does the hearing officer have authority to entertain a motion for reconsideration, and if so, (2) does the time for an appeal from his order run from the date of the order or from the date of denial of reconsideration?

I

We first address the District's cross appeal, which asserts that the Superior Court erred in failing to dismiss Hall's

---

[1]There is no challenge to the hearing officer's findings and conclusion that termination is proper.

[2]The judgment could be affirmed on the basis that, assuming Hall's contentions as to the untimeliness of the District's petition are correct, the hearing officer nonetheless was entitled to consider any facts in ruling on the October 14, 1988, notice of probable cause to terminate. *Sargent v. Selah Sch. Dist. 119*, 23 Wn. App. 916, 923-24, 599 P.2d 25, *review denied*, 92 Wn.2d 1038 (1979). However, we choose to address the merits of Hall's appeal due to the absence of precedent regarding the hearing officer's authority.

appeal for insufficient service. Former RCW 28A.58.460[3] provides:

> Any teacher . . . desiring to appeal from any action or failure to act upon the part of a school board . . . may serve upon the chairman of the school board and file with the clerk of the superior court . . . a notice of appeal . . ..

The notice of appeal was served on the secretary of the chair of the school board rather than on the chair. The District argues that this statute requires personal service upon the chair of the school board and that failure to do so mandates dismissal of the appeal. We disagree.

As a preliminary matter we note that former RCW 28A-.58.460 does not specifically address decisions of the hearing officer, but refers only to board actions. In substituting proceedings before a hearing officer for proceedings before the board, the Legislature apparently neglected to amend this section to reflect the new procedure.[4]

We find that the issue in this case is governed by *In re Saltis*,[5] which held that substantial compliance with statutes that prescribe methods of service is sufficient.[6] The statute at issue in *Saltis* was RCW 51.52.110,[7] which provides that service for industrial insurance appeals is to be "on the director and on the board".[8] We find that service under former RCW 28A.58.460 "upon the chairman" is directly analogous to the requirements of service under RCW 51.52.110 and that the following language from *Saltis* states the proper rule to be applied:

---

[3]RCW 28A.58.460 has been recodified as RCW 28A.405.320.

[4]*See* RCWA 28A.58.455 Historical Note, at 242-43 (1982).

[5]94 Wn.2d 889, 621 P.2d 716 (1980).

[6]*Saltis*, at 895-96.

[7]RCW 51.52.110 provides, in part, "Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board."

[8]In *Saltis* there was no evidence as to whether the Director had been served. However, the Department clearly had notice of the proceeding. *Saltis*, at 892.

Even if we did not consider the cases of *Lidke* [*v. Brandt*, 21 Wn.2d 137, 150 P.2d 399 (1944)], *Rybarczyk* [*v. Department of Labor & Indus.*, 24 Wn. App. 591, 602 P.2d 724 (1979)], *Mac-Veigh* [*v. Division of Unemployment Comp.*, 19 Wn.2d 383, 142 P.2d 900 (1943)], and *Smith* [*v. Department of Labor & Indus.*, 23 Wn. App. 516, 596 P.2d 296 (1979)] distinguishable because of the clear evidence regarding actual notice to the Director, we would warn against slavish adherence to the precedent they represent. The requirement of notice contained in RCW 51.52.110 is a practical one meant to insure that interested parties receive actual notice of appeals of Board decisions.

As noted by the Court of Appeals in *In re Saltis, supra* at 219, "the test for legal sufficiency . . . is . . . whether the notice was reasonably calculated to reach the intended parties." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1949); *Thayer v. Edmonds*, 8 Wn. App. 36, 42, 503 P.2d 1110 (1972). In cases considering the court's *general* jurisdiction, we have stated that "substantial compliance" with procedural rules is sufficient, because "delay and even the loss of lawsuits [should not be] occasioned by unnecessarily complex and vagrant procedural technicalities":

> [T]he basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as "the sporting theory of justice."

*Curtis Lumber Co. v. Sortor*, 83 Wn.2d 764, 767, 522 P.2d 822 (1974).

*In re Saltis*, 94 Wn.2d 889, 895-96, 621 P.2d 716 (1980).

Hall's notice of appeal was delivered to the secretary of the chair of the school board in the office of the school board and delivered by her to the office of the general counsel pursuant to standard operating procedures. The chair of the school board is a part-time unpaid position. Thus, the person serving as chair is not available every day at the school board office for service. Indeed, the chair could easily be unavailable for service for long periods, by being out of state on vacation or by reason of business travel. After an adverse decision, a teacher may need some time to decide whether to appeal, leaving only a few days for service. It is incomprehensible that the Legislature intended that inability to serve a specific individual, particularly one with limited availability, should preclude an appeal. We are supported in this view

by the provision in former RCW 28A.58.450[9] regarding a teacher's request for a hearing after receipt of a notice of probable cause. That statute provides:

> Every such employee so notified, at his or her request made in writing and filed with the president, chairman of the board *or secretary* of the board of directors of the district . . . shall be granted opportunity for a hearing . . ..

(Italics ours.) RCW 28A.58.450. There is no reason for the Legislature to provide more generous and practical means of service for a request for a hearing before a hearing officer than for a notice of appeal from the hearing officer's decision to the superior court.

As in *Saltis*, the District in the case at bar timely received actual notice, so there is no prejudice. Service on the chair's secretary was calculated to give notice to her and to the District. Undoubtedly, service on the secretary achieved the same result as if Ms. Smith, the chair, had been in her office and served personally. The defect in service is purely formal, without practical importance, and not a proper basis to deny Hall's access to the courts.

The District argues that *Nitardy v. Snohomish Cy.*[10] and *Landreville v. Shoreline Comm'ty College Dist. 7*[11] require a different result. In *Nitardy*, the statute required service on the county auditor. However, the plaintiff served the secretary of the county executive.[12] The court held that such service was insufficient.[13] In *Landreville*, the statute required that service be made on the Attorney General or an assistant attorney general. The plaintiff served an administrative

---

[9] RCW 28A.58.450 has been recodified as RCW 28A.405.300.

[10] 105 Wn.2d 133, 712 P.2d 296 (1986).

[11] 53 Wn. App. 330, 766 P.2d 1107 (1988).

[12] *Nitardy*, at 134.

[13] *Nitardy*, at 136.

assistant to the Attorney General.[14] That court also held such service to be insufficient.[15]

Significantly, neither *Nitardy* nor *Landreville* cites to *Saltis*, or refutes the court's persuasive policy analysis. Moreover, both cases are factually distinguishable from the case at bar. The facts in *Nitardy* would be equivalent to service on the secretary to the superintendent of schools rather than on the secretary to the proper party, as in our case. In *Landreville*, the statute provided for service to a number of people, obviating some of our concerns about service on a specific individual with no alternative provided. The existence of alternatives makes the irregularity in *Landreville* less excusable than the alleged defect in service herein involved.

Where timely notice is in fact received by the District and there is absolutely no prejudice, we fail to see any reasonable policy basis for not holding substantial compliance sufficient. The Superior Court did not err in denying the motion to dismiss.

## II

■ Hall asserts that because former RCW 28A.58.455,[16] prescribing the procedures to be followed by the hearing officer, does not explicitly authorize a hearing officer to entertain a motion for reconsideration, an officer has no such power. We disagree. The statute does not explicitly prohibit reconsideration. Nor does it purport to itemize every power of the hearing officer. On the contrary, it provides that the hearing officer "shall preside . . . and in connection therewith shall . . . (b) [m]ake other appropriate rulings of law and procedure." Former RCW 28A.58.455(7).

The hearing officer has the power to provide additional methods of discovery as may be authorized by the civil rules applicable in superior court.[17] The officer also has the power

---

[14]*Landreville*, at 331.

[15]*Landreville*, at 332.

[16]RCW 28A.58.455 has been recodified as RCW 28A.405.310.

[17]Former RCW 28A.58.455(6)(c).

to rule on the admissibility of evidence pursuant to the Rules of Evidence applicable in superior court.[18] These provisions indicate that the hearing officer shall act substantially as a judge hearing a case without a jury. A judge has the authority to hear motions for reconsideration. Likewise, administrative law judges may entertain motions for reconsideration under the Administrative Procedure Act.[19] The functions of a hearing officer are very similar to those of the administrative law judge. We see no good policy argument against the hearing officer having the same power.[20] A contrary holding would require appeal to the superior court to correct any error in a hearing officer's decision, no matter how apparent. Common sense suggests that it is desirable to allow the hearing officer a chance to correct an error and possibly obviate the necessity for an appeal.

## III

Hall asserts that even if the hearing officer may entertain motions for reconsideration, the time for appeal runs from the date of the initial decision, not from his ruling on the motion for reconsideration. We disagree.

■ In *Simonson v. Veit*,[21] this court followed the general federal rule in holding that under the Rules of Appellate Procedure, when a timely motion for reconsideration has been made, the time for notice of appeal does not run until the lower court has entered an order on the motion.[22] RAP 5.2(e) specifically provides that a notice of appeal may be filed within 30 days of entry of the order denying the motion for reconsideration.[23] The Administrative Procedure Act like-

---

[18]Former RCW 28A.58.455(7)(a).

[19]RCW 34.05.470.

[20]*See* CR 59.

[21]37 Wn. App. 761, 683 P.2d 611, *review denied*, 102 Wn.2d 1013 (1984).

[22]*Simonson*, at 765.

[23]It should be noted that an *untimely* motion will not extend the time for appeal. *Griffin v. Draper*, 32 Wn. App. 611, 613, 649 P.2d 123, *review denied*, 98 Wn.2d 1004 (1982).

wise provides that the time for filing a petition for judicial review commences when the petition for reconsideration is decided.[24]

Contrary to Hall's contention, there is no firmly established common law rule that a motion for reconsideration does not toll the time for appeal from the original decision. The only Washington authority cited by Hall, *National Christian Ass'n v. Simpson*,[25] was based on the previous rules of appeal, which have been changed to specifically address the issue, and consequently is no longer good authority.[26] We hold that the District's petition for writ of review, filed within 30 days of the hearing officer's denial of the motion for reconsideration, was timely.

## APPENDIX

May 20, 1987 — The District issues the first notice of probable cause to place Hall on suspension.

November 25, 1987 — The District issues the second notice of probable cause to *add* additional charges and to convert the suspension to termination. Hall requests a hearing.

June 14-15, 1988 — The *statutory hearing* is held.

August 30, 1988 — The hearing officer issues his decision, concluding that sufficient cause for the suspension was established but that the second notice of probable cause was untimely.

September 12, 1988 — The District files a motion for reconsideration of the hearing officer's decision.

October 12, 1988 — The hearing officer denies the District's motion for reconsideration.

---

[24]RCW 34.05.470.

[25]21 Wash. 16, 20, 56 P. 844 (1899).

[26]Hall also points out that several states hold that a motion for reconsideration does not toll the time for notice of appeal. *See Peay v. Peay*, 607 P.2d 841, 843 (Utah 1980); *In re Timothy N.*, 48 Cal. App. 3d 862, 867, 121 Cal. Rptr. 880 (1975); *Whitehead v. Norman Kaye Real Estate Co.*, 80 Nev. 383, 385, 395 P.2d 329 (1964). To the extent that these cases are applicable to the case at bar we find them unpersuasive in view of our own firm rule to the contrary.

October 14, 1988 — The District issues the third notice of probable cause to terminate, adding additional charges.

October 28, 1988 — Hall requests a hearing in regard to the third notice of probable cause.

November 10, 1988 — The District files a petition for writ of review in superior court challenging the hearing officer's August 30, 1988, ruling that the second notice of probable cause was untimely.

September 5, 1989 — The District's writ of review is heard.

September 26, 1989 — The Superior Court reverses the hearing officer's ruling regarding the second notice of probable cause and remands the case.

November 30, 1989 — The District moves for consolidation of the remanded proceedings and the third notice of probable cause.

December 7, 1989 — The motion to consolidate is granted.

February 15, 1990 — The remanded and consolidated hearing is held.

March 29, 1990 — The hearing officer issues his decision, ruling that sufficient cause for termination has been established.

April 27, 1990 — Hall files a petition for writ of review in superior court.

May 10, 1990 — The District files a motion to dismiss Hall's petition, asserting that the District was not properly served.

June 14, 1990 — The Superior Court denies the District's motion to dismiss.

December 31, 1990 — The Superior Court affirms the hearing officer's March 29, 1990, decision.

WEBSTER, A.C.J., and KENNEDY, J., concur.