902 P.2d 1247 (1995)
127 Wash.2d 614
UNION BAY PRESERVATION COALITION, Appellant,
v.
COSMOS DEVELOPMENT & ADMINISTRATION CORPORATION; State of Washington, Department of Ecology; The City of Seattle; and the Department of Construction and Land Use, Respondents.
No. 62064-4.
Supreme Court of Washington, En Banc.
October 5, 1995.
*1248 Christine O. Gregoire, Attorney General, William Collins, Asst., Olympia, Christine O. Gregoire, Attorney General, Donald Cofer, Asst., Olympia, amicus curiae, for Attorney General.
David S. Mann, Seattle, for Appellant.
Bogle & Gates, Joshua J. Preece, Seattle, Mark Sidran, Seattle City Attorney, Bernard J. Glynn, Jr., Asst., Seattle, for Respondents.
GUY, Justice.
Washington's administrative procedure act (APA) directs a party to serve its petition for judicial review on "all parties of record". RCW 34.05.542(2). Appellant Union Bay Preservation Coalition (Union Bay) served its petition on the attorneys of record, not the parties. We hold that Union Bay did not satisfy the APA's requirement of service.

FACTS
Respondent Cosmos Development and Administration Corporation (Cosmos) owns four acres of waterfront property in the Madison Park neighborhood of Seattle. Cosmos plans to subdivide the parcel into nine lots for single-family homes and build an elevated boardwalk and pier. On August 6, 1992, the City of Seattle's Department of Construction and Land Use issued a mitigated determination of nonsignificance under the State Environmental Policy Act of 1971. Two months later the City issued a master use permit for the subdivision, a permit for substantial shoreline development, and shoreline variances for the proposed dock. The State Department of Ecology also approved Cosmos' proposal.
Union Bay opposed issuance of the permits and appealed to the Shorelines Hearings Board (Board).
On May 6, 1994, the Board entered a final decision in favor of Cosmos. With the exception of slight changes to the design of the pier, the Board approved the City's permits as issued and allowed Cosmos' development to proceed. Union Bay moved for reconsideration and the Board denied the motion on June 30, 1994.
On July 28, 1994, 28 days after the Board's final order, Union Bay filed a petition for review in King County Superior Court. On July 28th or 29th, Union Bay served the petition on the attorneys of record in the agency proceedings: a private attorney for Cosmos, an Assistant Attorney General for the Department of Ecology, and an Assistant City Attorney for Seattle. Union Bay did not serve the parties themselves.
*1249 On August 5, 1994, Cosmos moved to dismiss Union Bay's petition. Cosmos contended that Union Bay's failure to serve the parties of record (rather than their attorneys) deprived the Superior Court of subject matter jurisdiction. The Superior Court granted the motion and dismissed Union Bay's appeal.
We have accepted direct review of the Superior Court's decision.

ISSUE
Did Union Bay comply with the requirement of service under the APA?

ANALYSIS
The APA requires Union Bay to serve the petition for judicial review on all parties of record.
A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order.
RCW 34.05.542(2). This is a necessary condition for appellate jurisdiction.
When reviewing an administrative decision, the superior court is acting in its limited appellate capacity, and all statutory procedural requirements must be met before the court's appellate jurisdiction is properly invoked. Fay v. Northwest Airlines, Inc., 115 Wn.2d 194, 197, 796 P.2d 412 (1990). Therefore, under the administrative procedure act (APA), the superior court does not obtain jurisdiction over an appeal from an agency decision unless the appealing party files a petition for review in the superior court and serves the petition on all of the parties.
Seattle v. PERC, 116 Wash.2d 923, 926, 809 P.2d 1377 (1991).
Union Bay's appeal poses a question of statutory construction: what is the meaning of the phrase "parties of record" as it appears in the APA? For guidance, we first look to the APA's definition of the term "party". See In re F.D. Processing, Inc., 119 Wash.2d 452, 458, 832 P.2d 1303 (1992) ("[a] legislative definition prevails over a dictionary definition or common understanding of any given term"). Next, we examine whether the Legislature intended the phrase "parties of record" to include attorneys of record. Finally, we review opinions from other state courts which have decided similar claims.
The attorneys in this case were not "parties" under the APA's definition of that term. By mailing its petition to the attorneys of record, Union Bay served the representatives of the parties of record, not the parties themselves. The APA defines a "party" as
(a) A person to whom the agency action is specifically directed; or
(b) A person named as a party to the agency proceeding or allowed to intervene or participate as a party in the agency proceeding.
RCW 34.05.010(11). The attorneys of record in this case fit neither definitionthe Shorelines Hearings Board did not direct action specifically to the attorneys and the Board did not name the attorneys as parties or allow them to intervene as a party.
Second, the phrase "parties of record" does not encompass attorneys of record. The Legislature in a different section of the APA once allowed service on attorneys as well as parties. For final orders from an agency, the APA formerly required "[a] copy of the decision and order and accompanying findings and conclusions shall be delivered or mailed to each party and to his attorney of record, if any." Former RCW 34.04.120. The current version of the APA requires a reviewing officer to serve copies of final orders "upon each party." RCW 34.05.464(9). The Legislature deleted all references to the attorneys of record.
We conclude from this amendment that the Legislature did not intend "parties of record" to include the parties' attorneys. The Legislature treated parties and parties' attorneys as separate entities, and the legislative history of the APA requires this court to distinguish between the two. Service on an attorney was appropriate under the APA only when the Legislature explicitly authorized it. Here, no such authorization exists. When the Legislature directs service on a party of *1250 record under the APA, it means service on the party, not the party's attorney.
Third, decisions from other state courts support our construction of the APA's requirement of service. The Legislature intended courts to interpret the APA consistently with administrative procedure statutes from other states.
The legislature also intends that the courts should interpret provisions of this chapter consistently with decisions of other courts interpreting similar provisions of other states, the federal government, and model acts.
RCW 34.05.001. The two state courts which have ruled on this issue of service, Connecticut and Wisconsin, refused to substitute service on attorneys for service on the parties of record. See Tarnopol v. Connecticut Siting Coun., 212 Conn. 157, 163 n. 8, 561 A.2d 931 (1989); Tomah-Mauston Broadcasting Co. v. Eklund, 143 Wis.2d 648, 653, 422 N.W.2d 169 (Ct.App.1988); County of Milwaukee v. Labor & Ind. Rev. Comm'n, 142 Wis.2d 307, 313-14, 418 N.W.2d 35 (Ct.App.1987), rev. den. Wis.2d 954, 419 N.W.2d 563 (1988). In all three opinions, the respective state courts concluded that because attorneys were not parties to the litigation, service on the attorneys was inadequate.
We find the language and legislative history of the APA exclude attorneys of record from the scope of the phrase "parties of record". Thus, Union Bay's service of its petition for judicial review on the attorneys of record did not comply with RCW 34.05.542.
Union Bay argues in the alternative that it substantially complied with the requirement of service. Substantial compliance is
"`actual compliance in respect to the substance essential to every reasonable objective of [a] statute.'" In re Santore, 28 Wn.App. 319, 327, 623 P.2d 702, review denied, 95 Wn.2d 1019 (1981).... In the cases where substantial compliance has been found, there has been actual compliance with the statute, albeit procedurally faulty.
Seattle v. PERC, 116 Wash.2d at 928, 809 P.2d 1377. This court has used the doctrine of substantial compliance in cases involving service of original process and appellate process. See, e.g., Reiner v. Pittsburg Des Moines Corp., 101 Wash.2d 475, 680 P.2d 55 (1984) (original process under RCW 4.28.080(10)); In re Saltis, 94 Wash.2d 889, 621 P.2d 716 (1980) (notice of appeal under industrial insurance act, RCW 51.52.110).
We cannot apply the doctrine to this case. The unequivocal definition of "party" in the APA combined with the deletion of "attorneys of record" from the act prevents such an application. Because the language and history of the APA exclude service on attorneys, we cannot permit such service by relying on substantial compliance.
Our ruling arises directly from the words of the APA and, for this reason, decisions applying the doctrine of substantial compliance to other statutes are not persuasive. Conversely, our refusal to permit service of petitions for judicial review on attorneys has no bearing on other statutes and other requirements of service. We decide only that Union Bay's service of its petition did not satisfy the APA's requirements.

CONCLUSION
Union Bay failed to serve the parties of record as the APA dictates. Accordingly, Union Bay did not perfect jurisdiction in the Superior Court and we affirm the dismissal of Union Bay's petition for judicial review.
DOLLIVER, SMITH, MADSEN, ALEXANDER and PEKELIS, JJ., concur.
TALMADGE, Justice (dissenting).
I dissent. In an area of the law already plagued by inconsistent and unclear rules, the majority adds yet another approach to the question of service of process that is inconsistent with the other rules adopted in similar settings by Washington courts. In general terms, I believe that strict compliance with the provisions of a service statute is necessary in acquiring original jurisdiction (i.e., the initiation of the original legal action), but substantial compliance with statutory service requirements is appropriate in matters *1251 of continuing and appellate jurisdiction. Consequently, I would hold that the Union Bay Preservation Coalition (Union Bay) substantially complied with the provisions of RCW 34.05.542(2). I would reverse the judgment of the trial court.
The majority opinion clearly articulates the factual issues present in this case. It bears emphasis that Union Bay appropriately served the Shorelines Hearings Board (Board) under RCW 34.05.542, Clerk's Papers, at 23, and timely filed its petition for review to the King County Superior Court on July 28, 1994. Majority opinion, at 1248. Unlike the case of City of Seattle v. Public Employment Relations Comm'n, 116 Wash.2d 923, 809 P.2d 1377 (1991), there is no question of timeliness of Union Bay's appeal here. Moreover, it is undisputed that the attorneys for the Department of Ecology, the City of Seattle, and Cosmos Development & Administrative Corp. (Cosmos) were served on a timely basis with the petition for review. Majority opinion, at 3. In fact, all of the parties received notice of the petition as is evidenced by the fact that on August 5, 1994, eight days after the filing of the petition for review, Cosmos moved to dismiss Union Bay's petition. Clerk's Papers, at 1, 7.
As the majority indicates, RCW 34.05.542(2) requires that a petition for review be filed within thirty days of the final order of the Shorelines Hearings Board and that the petition be served within that thirty-day period on the Board, the Office of Attorney General, and "all parties of record."[1] It is undisputed that the lawyers who represented the various parties before the Board are the same lawyers who have represented those parties in the appeal to the King County Superior Court (and the appeal to this court).
Amicus Attorney General recommends that we read the language of RCW 34.05.542(2) which refers to "parties of record" to be ambiguous so that the service on the attorneys for parties constitutes service upon the "parties of record" for purposes of RCW 34.05.542(2). There is some merit to this argument insofar as the Legislature failed to define a "party of record" for purposes of the Administrative Procedures Act (APA), although a "party" is defined in RCW 34.05.010(11).[2] While this is an intriguing argument, it is not supported by the language of RCW 34.05.542.[3] It is an argument *1252 better addressed to the Legislature. The attorney general's interpretation is a clear and more precise standard for addressing issues of service in administrative appeals. The Legislature would be well advised to consider the position of the attorney general. However, this court cannot in the guise of interpreting RCW 34.05.542 rewrite its terms. Associated Gen. Contractors of Washington v. King County, 124 Wash.2d 855, 865, 881 P.2d 996 (1994).
Union Bay failed to comply with the explicit provisions of RCW 34.05.542(2), as it did not serve the petition for review on the litigants in this appeal, as distinct from their attorneys. Majority opinion, at 1249. If strict compliance with RCW 34.05.542(2) is mandatory, the majority's resolution of the case would be correct. Although Union Bay did not strictly comply with the provisions of RCW 34.05.542(2), this court's analysis does not stop at that point.
The doctrine of substantial compliance has been developed over the years as an equitable remedy to forestall harsh application of strict service of process requirements under statute or court rules. Moreover, this policy is consistent with the often articulated goal of this court to permit controversies to be resolved on the merits, rather than on the basis of some arcane procedural trap. See State v. Olson, 126 Wash.2d 315, 322-24, 893 P.2d 629 (1995). This court adopted the doctrine of substantial compliance early in the development of Washington's common law. See Whitney v. Knowlton, 33 Wash. 319, 322, 74 P. 469 (1903).
The majority declines to apply the doctrine of substantial compliance to APA appeals because it believes the statutory definition of "party" in RCW 34.05.010(11) is unequivocal and the Legislature deleted all references to service on attorneys as well as parties in enacting RCW 34.05.464(9). Majority opinion, at 1249. Because the APA does not define a "party of record" as distinct from a "party," and the statute does not unequivocally repudiate service on attorneys in cases of appellate jurisdiction, the Legislature cannot be said to have explicitly repudiated the operation of the doctrine of substantial compliance here.
This court should resolve any controversy that may exist in its case law regarding service of process by adopting clear principles for strict compliance and substantial compliance with service rules. I believe that substantial compliance with a rule or statute regarding service of process is appropriate in a matter involving continuing or appellate jurisdiction over a controversy.[4] Strict compliance with the rule or statute is necessary in circumstances involving the original initiation of the legal action, principally because constitutional principles of notice and an opportunity to fairly participate in the court proceedings are implicated. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The doctrine of strict compliance applies with even greater vigor in circumstances involving constructive or substituted service rules or statutes. See, e.g., Martin v. Triol, 121 Wash.2d 135, 142, 847 P.2d 471 (1993).
The majority's determination to require strict compliance with the service rules for court review under the APA creates a serious inconsistency in our case law. For example, the majority's analysis squarely conflicts with cases arising under Washington's Industrial Insurance Act. The process for handling court appeals of the decisions of the Board of Industrial Insurance Appeals is exactly analogous to court review of decisions of administrative agencies under the APA. See In re Saltis, 94 Wash.2d 889, 621 P.2d 716 (1980); Vasquez v. Dep't of Labor and Indus., 44 Wash.App. 379, 722 P.2d 854 (1986). In Saltis, a consolidated action, *1253 questions relating to service on the director of the Department of Labor and Industries were addressed. In one instance, the Department, not its director, was served and, in the other, there was no proof of service on the director. This court employed the principle of substantial compliance to hold that the appeals were properly before the courts, stating: "The requirement of notice contained in RCW 51.52.110 is a practical one meant to insure that interested parties receive actual notice of appeals of Board decisions." Saltis, 94 Wash.2d at 895, 621 P.2d 716. The court implemented this rule as follows:
[W]e hold that proper service in this case occurred if: (1) the Director received actual notice of the appeal to the Superior Court or (2) the notice of appeal was served in a manner reasonably calculated to give notice to the Director.
(Court's emphasis.) Id., at 896, 621 P.2d 716.
Similarly, in Vasquez, the Court of Appeals found that service on the attorney of a self-insurer as opposed to the self-insurer was sufficient to comply with the service requirements under Title 51 RCW. The court again emphasized the question of whether the process was reasonably calculated to give notice to the appropriate parties required by the rule or the statute. Vasquez, 44 Wash.App. at 384, 722 P.2d 854. The Vasquez court specifically held "an administrative appeal invokes appellate, not general or original superior court jurisdiction." Id., at 383, 722 P.2d 854. But see Petta v. Dep't of Labor and Indus., 68 Wash.App. 406, 409, 842 P.2d 1006 (1992) (no substantial compliance where service was 7 months late), review denied, 121 Wash.2d 1012, 852 P.2d 1091 (1993).
The majority's view conflicts with the use of substantial compliance in education personnel appeals as well. In Hall v. Seattle Sch. Dist. 1, 66 Wash.App. 308, 831 P.2d 1128 (1992), the Court of Appeals held that service of a notice of appeal on the secretary of the chair of the school board substantially complied with the statutory requirement of service on the board's chair, a part-time unpaid position. Noting that such a chair might be unavailable for prolonged periods, the court stated:
As in Saltis, the District in the case at bar timely received actual notice, so there is no prejudice. Service on the chair's secretary was calculated to give notice to her and to the District. Undoubtedly, service on the secretary achieved the same result as if Ms. Smith, the chair, had been in her office and served personally. The defect in service is purely formal, without practical importance, and not a proper basis to deny Hall's access to the courts.
Id., at 313, 831 P.2d 1128.[5]
In the present case, there is no question but that service on the attorney of record was reasonably calculated to give notice to the appropriate parties. After all, it is abundantly clear that the attorneys of record for the various parties in this appeal, and most other appeals, would be the persons most interested in review to the superior court from a decision of the administrative agency. It defies logic for Cosmos here to argue that *1254 the Department of Ecology would be better served by having a petition for review arrive on the desk of the Director of the Department of Ecology (who may have no idea whatsoever about the implications or substance of an appeal, particularly insofar as the agency may be involved in dozens of pending matters), rather than on that of the assistant attorney general representing the Department of Ecology who is responsible for the particular administrative appeal.
The majority permits this case to be resolved on a procedural technicality.[6] No litigant has articulated any prejudice that it has suffered when its attorneys were served. I believe that the majority's opinion simply creates more unnecessary confusion when the principle of substantial compliance in Washington administrative law appeals is well developed. Of necessity, the majority's opinion overrules Saltis, Vasquez, and Hall, sub silentio. It creates untold difficulties in practical application under our own Rules of Appellate Procedure and hardship for parties with otherwise meritorious appeals. As Union Bay timely filed its petition with the King County Superior Court and the Shorelines Hearings Board, and substantially complied with RCW 34.05.542 by timely serving the petition on the attorneys for the other litigants, I would reverse the judgment of the trial court to permit this case to be resolved on its merits.
JOHNSON, J., concurs.
DURHAM, C.J., concurs in result.
NOTES
[1] RCW 34.05.542(2) states:

A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order.
[2] RCW 34.05.010(11) describes a "party" as a "person to whom the agency action is specifically directed," or a person named as a party or allowed to intervene in the administrative proceeding.
[3] This argument is bolstered by the fact that the APA itself in numerous instances uses the term "party" to mean a party of record or its attorney. The APA does not specifically mention attorneys separately from litigants, as the majority would require. Majority opinion, at 5-6. See, e.g., RCW 34.05.437 (a party filing a pleading or other paper must "serve copies on all other parties"); RCW 34.05.440(2) (the presiding officer to "serve upon all parties a default or other dispositive order" where a "party fails to attend or participate in a hearing"); RCW 34.05.449(2) ("all parties" have the right to participate in hearings); RCW 34.05.461(9) (the presiding officer to "cause copies of the order to be served on each party and the agency"); RCW 34.05.464(1) (notice of a party's petition for review shall "be given to all parties to the proceeding"); RCW 34.05.464(9) (the final order shall be "served upon each party"); RCW 34.05.473(1)(a) (an order is compulsory upon a party when "the party has been served with or has actual knowledge of the final order"). Plainly, the Legislature did not contemplate that only the litigant could act to perform these statutory requirements. The involvement of legal representatives for the litigants was assumed.

Moreover, the rules of the Shorelines Hearings Board presume that service on an attorney constitutes service on the party of record. WAC 461-08-030 permits attorneys to appear in a representative capacity for parties, with notice to "all other parties or their representative," and that after the filing and serving of such notice of appearance, "all future notices and orders shall be served by the board upon such representative. Service upon the representative shall constitute service upon the party." WAC 461-08-030(1), (2) and (5).
This principle is also present in the Civil Rules for Superior Court. CR 5(a) states that orders, pleadings "subsequent to the original complaint," discovery papers, motions, etc. "shall be served upon each of the parties." Attorneys throughout the state accomplish this service by serving the attorneys of record in a particular proceeding. CR 5(b)(1) makes service upon the attorney the preferred method of achieving this service.
[4] As the majority concedes in its opinion at 1250, this court has actually allowed substantial compliance with service rules in matters of original jurisdiction. Lee v. Barnes, 58 Wash.2d 265, 362 P.2d 237 (1961); Thayer v. Edmonds, 8 Wash. App. 36, 503 P.2d 1110 (1972), review denied, 82 Wash.2d 1001 (1973). See also Reiner v. Pittsburg Des Moines Corp., 101 Wash.2d 475, 680 P.2d 55 (1984). But see Nitardy v. Snohomish County, 105 Wash.2d 133, 712 P.2d 296 (1986); Muncie v. Westcraft Corp., 58 Wash.2d 36, 360 P.2d 744 (1961); Meadowdale Neighborhood Comm. v. Edmonds, 27 Wash.App. 261, 616 P.2d 1257 (1980).
[5] It is ironic that RAP 5.4(b), which relates to the service of notices of appeal or notices for discretionary review under Washington's Rules of Appellate Procedure, indicates the parties are obliged to serve the notice on "each party of record." In my experience, the lawyers for the parties are served rather than the parties themselves. In fact, the notice of appeal requires the submission of the name and address of the attorney for each party, as opposed to any information about the party itself. RAP 5.3(c).

If the majority's opinion is correct, it is very likely that parties before the Court of Appeals and this court have violated the strict terms of RAP 5.4. Are all appeals now pending in the appellate courts of the State of Washington wherein the "parties of record" under RAP 5.4 have not been served subject to a motion to dismiss for want of jurisdiction in the same fashion that the petition for review by Union Bay was subject to a motion in this case? There is no principled difference between the appellate jurisdiction of the superior court under RCW 34.05.542 (which the majority holds requires service on the actual litigants) and the appellate jurisdiction of the courts under RAP 5.4, which has never required service of the notice of appeal on the litigants. See also MAR 7.1 (a request for a trial de novo in superior court must be served "upon all other parties"); Hoirup v. Empire Airways, Inc., 69 Wash.App. 479, 848 P.2d 1337 (1993) (lawyer failed to timely serve request for trial de novo on opposing counsel; Court of Appeals reversed dismissal of request for trial de novo where opposing party had notice of request and was not prejudiced by the delay).
[6] Justice Horowitz, writing for the majority in Saltis, framed this concept in vigorous terms:

In cases considering the court's general jurisdiction, we have stated that "substantial compliance" with procedural rules is sufficient, because "delay and even the loss of lawsuits [should not be] occasioned by unnecessarily complex and vagrant procedural technicalities":
[T]he basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as "the sporting theory of justice."
Curtis Lumber Co. v. Sortor, 83 Wash.2d 764, 767, 522 P.2d 822 (1974).
(Court's emphasis.) Saltis, 94 Wash.2d at 895-96, 621 P.2d 716.