188 P.3d 550 (2008)
Roger L. SKINNER, Appellant,
v.
CIVIL SERVICE COMMISSION OF the CITY OF MEDINA, The City of Medina, a municipal corporation, Medina Police Department, Respondents.
No. 60868-1-I.
Court of Appeals of Washington, Division 1.
July 28, 2008.
William Jacob Murphy, Attorney at Law, Rollingbay, WA, for Appellant.
Greg Alan Rubstello, Attorney at Law, Seattle, WA, for Respondents.
P. Stephen DiJulio, Foster Pepper PLLC, Seattle, WA, for Other Parties.
GROSSE, J.
¶ 1 Where an order of a quasi-judicial body provides a timeline within which a party may file a motion for reconsideration of its order, and a motion for reconsideration is filed and denied, the time for an appeal runs from the date of the denial of reconsideration and not from the date of the initial order. A motion for reconsideration tolls the 30-day statute of limitations on appealing a final order. Here, it is undisputed that Roger Skinner appealed within 30 days of the court's denial of his motion for reconsideration. Thus, we reverse and remand.

FACTS
¶ 2 Roger Skinner appealed his dismissal from the City of Medina police force to the Medina Civil Service Commission (Commission). By order dated September 1, 2006, the Commission upheld his dismissal. On September 18, 2006, the Commission denied Skinner's motion for reconsideration. On October 17, 2006, Skinner filed a writ of review in King County Superior Court of both the Commission's September 1 order and the September 18 order denying reconsideration. The trial court granted the City summary judgment dismissal, holding that Skinner had failed to timely serve and file his appeal of the September 1, 2006 order within 30 days of its entry as required by statute.[1] Skinner appeals.

ANALYSIS
¶ 3 Paragraph 7.3 of the Commission's September 1 order states as follows:

*551 Further Proceedings. Under Commission Rule 18.31 a party may move for reconsideration within 10 days of the date of this decision. In the absence of a motion for reconsideration, any appeal from this decision to King County Superior Court shall comply with Chapter 41.12 RCW.[[2]]
City of Medina Civil Service Rule (MCSR) 18.31 provides:
RECONSIDERATION. A party may move for reconsideration by the Commission only on the basis of fraud, mistake, or misconception of facts. Such motion must be filed with the Commission within ten (10) days of the decision of the Commission. Such motion for reconsideration shall be decided on affidavits, absent special showing that testimony is necessary.
RCW 41.12.090 provides in pertinent part:
If such judgment or order be concurred in by the commission or a majority thereof, the accused may appeal therefrom to the court of original and unlimited jurisdiction in civil suits of the county wherein he or she resides. Such appeal shall be taken by serving the commission, within thirty days after the entry of such judgment or order, a written notice of appeal, stating the grounds thereof, and demanding that a certified transcript of the record and of all papers on file in the office of the commission affecting or relating to such judgment or order, be filed by the commission with such court.[[3]]
¶ 4 The City argues that Skinner is barred from pursuing this appeal because he served and filed it 46 days after the entry of the September 1 order. Relying on State ex rel. Worsham v. Brown,[4] the City contends the Commission lacked authority to reconsider its order and therefore the 30 days started running on the date of its initial order. Brown held that a civil service commission has limited jurisdiction and when acting in its quasi-judicial capacity, it has no inherent power, irrespective of statute, to grant a rehearing or to review or annul its own order. But the facts in Brown are markedly different than those here.
¶ 5 In Brown, the Seattle Civil Service Commission sustained the removal of a Seattle police officer on May 23, 1922. Approximately five months later, the officer sought a new trial before the commission. By that time, one of the commission's members had been replaced. On appeal, the commission's decision to reconsider its order was overturned. More recent case law implies that administrative agencies retain jurisdiction to reverse their orders/decisions until jurisdiction is lost by appeal or until a reasonable time has run that is coextensive with the time required by statute for review.[5]
¶ 6 More importantly, however, here, the Commission's own rules provide for a party to move for reconsideration within 10 days after entry of its decisions. In addition, the Commission's September 1 order expressly stated that the rules of chapter 41.12 RCW (allowing 30 days to appeal) applied only absent a motion for reconsideration.
¶ 7 In Hall v. Seattle School District No. 1,[6] the pertinent statute, like the one here, neither authorized nor prohibited reconsideration. The Hall court held that absent a statute or rule prohibiting reconsideration, the Seattle Civil Service Commission had limited inherent power to reconsider its decisions. In holding that the time for appeal runs from the entry date of the ruling on reconsideration and not that of the initial decision, this court stated in Hall:
[Previously], this court followed the general federal rule in holding that under the Rules of Appellate Procedure, when a timely motion for reconsideration has been made, the time for notice of appeal does not run until the lower court has entered an order on the motion. RAP 5.2(e) specifically provides that a notice of appeal may be filed within 30 days of entry of the order denying the motion for reconsideration. The Administrative Procedure Act *552 likewise provides that the time for filing a petition for judicial review commences when the petition for reconsideration is decided.
Contrary to Hall's contention, there is no firmly established common law rule that a motion for reconsideration does not toll the time for appeal from the original decision.[7]
Thus, although the Administrative Procedure Act[8] and its timelines do not directly apply to the Commission, they are instructive.
¶ 8 Here, as in Hall, there are compelling policy reasons to hold that the Commission has the authority to reconsider its decision. Filing an appeal before awaiting an order on a motion for reconsideration subjects parties to potential costs that may prove to be unnecessary. Further, reconsideration may remove the need for the superior court to address the issue. Because both the order and the Commission's own rules allow a party to seek reconsideration, such reconsideration was proper here and the 30 days did not begin to run until entry of the Commission's September 18 order denying reconsideration.
Adequate Notice
¶ 9 The City argues that Skinner failed to serve the Commission with the notice of appeal as required by RCW 41.12.090 which provides that the appealing party serve the Commission within 30 days after entry of the decision. In the superior court, the Commission appeared and joined in the City's motion to dismiss the action on the basis that Skinner did not serve either the Commission members or its secretary.[9] He did, however, serve the Medina City Clerk and argues that such service is sufficient. We agree.
¶ 10 Interestingly, procedures for serving an appeal with the Commission are not articulated by statute. RCW 41.12.090 provides in pertinent part:
All investigations made by the commission pursuant to the provisions of this section shall be had by public hearing, after reasonable notice to the accused of the time and place of such hearing, at which hearing the accused shall be afforded an opportunity of appearing in person and by counsel, and presenting his or her defense. If such judgment or order be concurred in by the commission or a majority thereof, the accused may appeal therefrom to the court of original and unlimited jurisdiction in civil suits of the county wherein he or she resides. Such appeal shall be taken by serving the commission, within thirty days after the entry of such judgment or order, a written notice of appeal, stating the grounds thereof, and demanding that a certified transcript of the record and of all papers on file in the office of the commission affecting or relating to such judgment or order, be filed by the commission with such court. The commission shall, within ten days after the filing of such notice, make, certify and file such transcript with such court. The court of original and unlimited jurisdiction in civil suits shall thereupon proceed to hear and determine such appeal in a summary manner.
Skinner relies upon MCSR 18.15(d), which provides:
Papers required to be filed with the Commission shall be deemed filed upon actual receipt of the papers by the Commission staff at the Commission office.
Skinner asserts that because the Commission actually received his appeal, it is precluded from arguing that it did not receive proper notice. Further, Skinner notes that the Commission's address is stated in its rules and it is the same as the City's.[10] That same rule designates regular hours of work for the Commission Secretary. MCSR 3.01 designates Medina's City Manager as the Commission's *553 Secretary.[11]
¶ 11 For its position, the City relies on Nitardy v. Snohomish County.[12] There a disgruntled Snohomish County employee sued the County but served the wrong government agent (serving the secretary of the county executive when the statute specifically required service on the county auditor). Unlike the Snohomish County Auditor, the Commissioners here are not full-time employees of the City and substantial compliance is sufficient under these circumstances.
¶ 12 In Hall, this court held notice to the full-time employee at the same address was sufficient where the person required to be served (the chairman of a school board) was in a part-time, unpaid position. The Hall court based its decision in part on In re Saltis,[13] which involved service of a notice of appeal under the Industrial Insurance Act,[14] stating:
As in Saltis, the District in the case at bar timely received actual notice, so there is no prejudice. Service on the chair's secretary was calculated to give notice to her and to the District. Undoubtedly, service on the secretary achieved the same result as if Ms. Smith, the chair, had been in her office and served personally. The defect in service is purely formal, without practical importance, and not a proper basis to deny Hall's access to the courts.[[15]]
¶ 13 We do not believe the part-time status of the chair in Hall is a sufficient distinction to obviate application of the policy and rationale of Hall here. The record reveals that the Commission had actual notice of the appeal in a timely manner and thus there is no prejudice.
¶ 14 We reverse and remand.
WE CONCUR: COX and BECKER, JJ.
NOTES
[1] See RCW 41.12.090.
[2] (Emphasis added.)
[3] (Emphasis added.)
[4] 126 Wash. 175, 218 P. 9 (1923).
[5] Hall v. Seattle Sch. Dist. No. 1, 66 Wash.App. 308, 314, 831 P.2d 1128 (1992).
[6] 66 Wash.App. 308, 831 P.2d 1128.
[7] Hall, 66 Wash.App. at 315-16, 831 P.2d 1128 (internal citations omitted, emphasis added).
[8] Chapter 41.12 RCW.
[9] The Commission did not file a brief in this court and noted that it remained a party of record for purposes of receipt of notice and pleadings. Because the issue is before this court, we do not deem the Commission's failure to brief the issue precludes our considering the merits.
[10] MCSR 2.13.
[11] MCSR 3.01.
[12] 105 Wash.2d 133, 712 P.2d 296 (1986).
[13] 94 Wash.2d 889, 621 P.2d 716 (1980).
[14] Chapter 51.52 RCW.
[15] Hall, 66 Wash.App. at 313, 831 P.2d 1128.