[No. 82306-5. En Banc.]
Argued January 19, 2010.    Decided May 13, 2010.

ROGER L. SKINNER, *Respondent*, v. CIVIL SERVICE COMMISSION OF THE CITY OF MEDINA ET AL., *Petitioners*.

846

*P. Stephen DiJulio* (of *Foster Pepper PLLC*) and *Greg A. Rubstello* (of *Ogden Murphy Wallace PLLC*), for petitioners.

*William J. Murphy*, for respondent.

¶1 Owens, J. — After losing his job as a police officer with the city of Medina (City) Police Department, Roger Skinner appealed his termination to the City of Medina Civil Service Commission (Commission). The Commission affirmed Skinner's discharge. Pursuant to the Commission's rules, Skinner filed a timely motion for reconsideration, which the Commission denied. Twenty-nine days after the denial of reconsideration, Skinner filed a notice of appeal and petition for writ of review (appeal) with the King County Superior Court and served notice on the Medina city clerk. The superior court granted the City's motion for summary judgment, finding that Skinner "failed to serve and file his appeal of the September 1, 2006 Order . . . within 30 days of its entry as required by RCW 41.12.090." Clerk's Papers

(CP) at 258. The Court of Appeals reversed the superior court's grant of summary judgment. *Skinner v. Civil Serv. Comm'n*, 146 Wn. App. 171, 188 P.3d 550 (2008). We affirm the Court of Appeals.

## FACTS

¶2 Skinner was fired from his position as a lieutenant with the Medina Police Department effective February 15, 2006, and appealed his discharge to the Commission. As required by statute, the Commission is composed of three volunteer members, RCW 41.12.030, and a secretary and chief examiner, RCW 41.12.040. The Commission issued its findings, conclusions, and order in Skinner's case on September 1, 2006. In its order, the Commission found that Skinner had made comments to personnel stating that Chief of Police Jeffrey Chen had said that monkeys could do their jobs and that Skinner had also said that " 'Asians don't make good managers because people don't like them,' " a comment apparently made to undermine Chief Chen based on his ethnicity. CP at 8-9, 11-12. Finding that these comments "constituted disrespectful, discourteous and insubordinate conduct," CP at 12, the Commission affirmed Skinner's discharge.

¶3 The final paragraph of the Commission's findings, conclusions, and order provided:

> Under Commission Rule 18.31 a party may move for reconsideration within 10 days of the date of this decision. In the absence of a motion for reconsideration, any appeal from this decision to King County Superior Court shall comply with Chapter 41.12 RCW.

CP at 16. Skinner submitted a timely motion for reconsideration to the Commission, which denied the motion on September 18, 2006. On October 17, 2006, Skinner filed his appeal with the King County Superior Court. That same day, Skinner attempted to serve the Commission by delivering the notice of appeal to the Medina city clerk, located

in the Medina City Hall. The address of the Commission office designated in the Commission's rules is the address of the Medina City Hall, though the Commission has no physical office space in the building and Commission staff are not regularly present in the building. Skinner's attorney left three copies of the notice of appeal with the Medina city clerk. The Commission's attorney entered a notice of appearance in the case on October 23, 2006, and, on November 15, 2006, joined the City's motion to dismiss the appeal. The superior court entered an order denying the City's motion on December 1, 2006.

¶4 On June 26, 2007, the City moved for summary judgment and the superior court granted the City's motion, dismissing Skinner's case in its entirety. The language of the court's order implicates two possible bases: that Skinner's appeal was untimely or that the appeal was not properly served. Skinner appealed the superior court's decision to Division One of the Court of Appeals, which reversed the entry of summary judgment. *Skinner*, 146 Wn. App. at 173. The City petitioned this court for review, which we granted. *Skinner v. Civil Serv. Comm'n*, 165 Wn.2d 1040, 204 P.3d 215 (2009).

## ISSUES

¶5 1. Did Skinner's motion for reconsideration toll the 30-day period for appealing the Commission's decision?

¶6 2. Did Skinner's service on the Medina city clerk constitute adequate service on the Commission?

## ANALYSIS

A. Standard of Review

¶7 This appeal calls for us to interpret statutes and a civil service commission's rules. These are questions of law, which this court reviews de novo. *City of Spokane v. Rothwell*, 166 Wn.2d 872, 876, 215 P.3d 162 (2009).

B. Motion for Reconsideration and Tolling of the Appeal Period

■ ¶8 The statute governing appeals from decisions by a police civil service commission, RCW 41.12.090, requires that an appeal be taken within 30 days of the commission's "judgment or order." Because an appeal from an administrative body invokes the superior court's appellate jurisdiction, " 'all statutory requirements must be met before jurisdiction is properly invoked.' " *Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 197, 796 P.2d 412 (1990) (quoting *Spokane County v. Utils. & Transp. Comm'n*, 47 Wn. App. 827, 830, 737 P.2d 1022 (1987)). Skinner filed his appeal from the Commission's decision 29 days after the Commission issued its order denying motion for reconsideration and 46 days after the Commission issued its findings, conclusions, and order. The City argues that the 30-day appeal period runs from the issuance of the first order and identifies two alternative bases for its conclusion: (1) the statute prohibits motions for reconsideration, so the motion for reconsideration here had no effect and (2) even if the motion for reconsideration was permissible, the statute requires that the 30-day period run from the original order. The City misreads the statutory scheme. Because the Commission's rule allowing for reconsideration is not inconsistent with the statute, it is valid and authorized by chapter 41.12 RCW. In addition, Skinner's motion for reconsideration tolled the 30-day appeal period.

*1. The Commission Had Authority To Reconsider Its Decision*

■ ¶9 Contrary to the City's argument, state law does not prohibit the Commission from reconsidering its initial order. RCW 41.12.040(1) authorizes police civil service commissions "[t]o make suitable rules and regulations not inconsistent with the provisions of [chapter 41.12 RCW]." The Commission here enacted a rule allowing a party to move for reconsideration within 10 days of the Commis-

sion's decision. CP at 60 (City of Medina Civil Service Rule (MCSR) 18.31, Ex. A to Decl. of William Murphy). Under RCW 41.12.040(1), the Commission's rule is invalid only if it is inconsistent with another provision of chapter 41.12 RCW.

¶10 The City argues that the Commission's rule allowing for reconsideration is inconsistent with RCW 41.12.090. RCW 41.12.090 provides, in pertinent part:

> If such judgment or order be concurred in by the commission or a majority thereof, the accused may appeal therefrom to the court of original and unlimited jurisdiction in civil suits of the county wherein he or she resides. Such appeal shall be taken by serving the commission, within thirty days after the entry of such judgment or order, a written notice of appeal.

This provision is silent as to motions for reconsideration; it neither authorizes nor prohibits such motions. As a result, it cannot fairly be said that the rule allowing for reconsideration is inconsistent with the statute. The Commission's rule, therefore, validly authorizes the filing of a motion for reconsideration.[1]

*2. A Motion for Reconsideration Tolls the Appeal Period*

¶11 The City next argues that even if the Commission had the power to reconsider its decision, the 30-day statutory deadline for taking an appeal still runs from the date of the Commission's first order. This argument is not compelled by the language of the statute, would undercut judicial efficiency, and has been considered and rejected by the courts of this state.

¶12 The relevant statutory language requires an appeal within 30 days of "such judgment or order . . . concurred in by the commission or a majority thereof." RCW 41.12.090. The term "such judgment or order" is not defined by the statute. Here, there were two orders concurred in by the Commission: the findings, conclusions, and order, and

---

[1] Because we decide the issue on this basis, we need not address whether the Commission possessed inherent power to reconsider its own decisions.

the order denying the motion for reconsideration. The statutory language is broad enough to encompass both such orders and, therefore, does not compel the City's conclusion that "such judgment or order" includes only the first order by the Commission.

¶13 Viewing the matter pragmatically, the City's interpretation would undercut judicial efficiency. The decision on the motion for reconsideration may alter the outcome. Under RCW 41.12.090, a commission is empowered to impose a range of penalties, including demotion, suspension, and removal. If the commission amends the result on reconsideration, surely the aggrieved party has the right to appeal from the new decision. This being so, the appeals period must be tolled by the motion for reconsideration, regardless of the outcome of the motion. This is so for two reasons. First, nothing in either the statute or the rule distinguishes between deadlines for successful and unsuccessful appeals. Second, creating a distinction between the two situations presents a host of practical problems. Chief among them is that a party will not know in advance of the decision whether the motion for reconsideration will be successful. Because there is no requirement that the Commission rule on the motion for reconsideration within 30 days of its initial decision, the aggrieved party may not learn until after 30 days from the initial decision whether to appeal and/or what judgment to appeal. The natural result would be for parties to automatically file an appeal in superior court pending a decision by the Commission on a motion for reconsideration. Unnecessary filings in the superior court would lead to needless expense and contribute to the overcrowding of court dockets.

¶14 Finally, precedent from the courts of this state is contrary to the City's interpretation. The Court of Appeals has previously held that the statutory appeal period is tolled by a motion for reconsideration where the statute is silent on the issue. *Hall v. Seattle Sch. Dist. No. 1*, 66 Wn. App. 308, 316, 831 P.2d 1128 (1992). In *Hall*, a public school teacher requested a hearing on the school district's notice of

probable cause to terminate him. On August 30, 1988, the hearing officer issued a decision in the teacher's favor, and denied the school district's motion for reconsideration on October 12, 1988. *Id.* The statute at issue in *Hall* required appeal within 30 days of receipt of the decision but was silent as to the effect of a motion for reconsideration. Former RCW 28A.58.460 (1969), *recodified as* RCW 28A-.405.320. The school district filed its appeal 72 days after the hearing officer's first decision and 29 days after the hearing officer's ruling on the motion for reconsideration. *Hall*, 66 Wn. App. at 316-17. The Court of Appeals held that the 30 days within which a party must appeal under that statute runs from the denial of the motion for reconsideration, not the hearing officer's first decision. *Id.* at 315-16.

¶15 Consistently with *Hall* and in the interest of judicial efficiency, we hold that under RCW 41.12.090, a valid motion for reconsideration tolls the 30-day deadline for filing an appeal in superior court. Because Skinner's motion for reconsideration was timely and otherwise valid, it tolled the appeal period and Skinner had 30 days from the Commission's decision on the motion for reconsideration to take his appeal.

C. Adequacy of Service

¶16 In addition to requiring that an appeal be taken within 30 days, RCW 41.12.090 also requires "serving the commission . . . a written notice of appeal." Beyond this, the statute is silent as to the required means of service. The Commission's rules supplement the statute, providing that "[p]apers required to be filed with the Commission shall be deemed filed upon actual receipt of the papers by the Commission staff at the Commission office." CP at 59 (MCSR 18.15(d)). The "office address" for the Commission is 501 Evergreen Point Road, Medina, Washington 98039, which is the address of the Medina City Hall. CP at 57 (MCSR 2.13). The City argues that Skinner never served the Commission and, therefore, that the superior court

lacked jurisdiction. Because we find that Skinner substantially complied with service requirements, however, we affirm the Court of Appeals.

¶17 As a starting point, Skinner did not strictly comply with service requirements. To do so, Commission staff would have had to actually receive service at the Medina City Hall within the 30 days. Skinner has failed to identify any evidence in the record that this occurred. Skinner argues that the Medina city clerk should be treated as part of the Commission staff. We reject this argument. It is true that the Commission's rules provide that "[t]he City Manager of the City of Medina, or his/her designee, shall be the Secretary and Chief Examiner" of the Commission. CP at 58 (MCSR 3.01). However, at the time Skinner served the city clerk, the city manager had appointed a designee to serve as secretary and chief examiner and, therefore, the city manager was not a part of the Commission. Thus, even if Skinner is correct that the service on the city clerk is service on the city manager, that would not amount to service on the Commission in the present case.

██ ¶18 Nonetheless, substantial compliance with service requirements is generally sufficient to invoke a superior court's appellate jurisdiction. *See Black v. Dep't of Labor & Indus.*, 131 Wn.2d 547, 552-53, 933 P.2d 1025 (1997); *In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980). The City's citation to *Skagit Surveyors & Engineers, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 958 P.2d 962 (1998), to argue for a contrary result is misplaced. *Skagit Surveyors* relied on this court's previous decision in *Union Bay Preservation Coalition v. Cosmos Development & Administration Corp.*, 127 Wn.2d 614, 902 P.2d 1247 (1995), to hold that substantial compliance, as it relates to service on attorneys instead of the parties directly, is insufficient to invoke the appellate jurisdiction of the superior court under the Administrative Procedure Act (APA), chapter 34.05 RCW. *Skagit Surveyors*, 135 Wn.2d at 555-56. The analysis in *Union Bay* focused on the legislature's deletion, as opposed to mere omission, of approval for service on a

party's attorney of record.[2] *Union Bay*, 127 Wn.2d at 618-19. It was only in light of this fact that the court declined to apply the doctrine of substantial compliance. *Id.* at 620. Indeed, in *Union Bay*, the court stated that its conclusion had "no bearing on other statutes and other requirements of service." *Id.* Thus, *Union Bay* and *Skagit Surveyors* do not preclude application of the doctrine of substantial compliance in the present case.

¶19 In determining whether a party has substantially complied with service requirements, the relevant inquiry is whether the party to be served has received actual notice of appeal or the notice was served in a manner reasonably calculated to give notice to the opposing party. *Black*, 131 Wn.2d at 553 (citing *Saltis*, 94 Wn.2d at 896). Here, we know that the Commission received actual notice of the appeal from the fact that it filed a notice of appearance 6 days after Skinner's attorney served the city clerk, but we do not know whether that actual notice was received within 30 days of the issuance of the order. The question squarely presented, then, is whether Skinner's service of the notice of appeal was reasonably calculated to give notice to the Commission.

¶20 In an effort to serve the Commission, Skinner's attorney traveled to the address designated as the Commission's office address. This address was the Medina City Hall. Despite this being the office address of the Commission, the Commission maintained no physical office space within the city hall, nor did its members or secretary and chief examiner keep regular office hours there. Finding no Commission staff present, Skinner's attorney left three copies of the notice of appeal with the city clerk; this number of copies corresponded to the number of named defendants—the City of Medina, the Medina Police Department, and the Civil Service Commission of the City of Medina. The name of each party appeared on the front of

---

[2] The APA has since been amended to permit service on attorneys of record. Laws of 1998, ch. 186, § 1, *codified as* RCW 34.05.542(6).

each notice. Moreover, we find it significant that Medina is a relatively small city, with an estimated population of 2,974 people around the time the events here took place. In these circumstances, where the Commission's office address (at which a notice of appeal must be served) contains no office or Commission staff and the municipality is relatively small, we hold that Skinner's service on the city clerk, located at that address, was reasonably calculated to give notice to the Commission.

¶21 The Court of Appeals reached a similar conclusion in *Hall*. In *Hall*, notice of appeal was given to the secretary of the chairperson of the school board instead of the chairperson of the school board, as required by the statute. 66 Wn. App. at 312. Relying on the fact that the chairperson of the school board works only part-time, is not paid, and is not present every day at the school board office, the Court of Appeals concluded that the service substantially complied with the statute. *Id*. at 312-14. Analogously, the Commission members here held similarly unpaid part-time positions. The *Hall* rationale supports our decision.

¶22 Finally, *Nitardy v. Snohomish County*, 105 Wn.2d 133, 712 P.2d 296 (1986), does not undermine our holding. In *Nitardy*, the statute required service on the county auditor but the plaintiff instead served the secretary to the county executive. *Id*. at 133-34. The court in *Nitardy* held that this service was insufficient. *Id*. Critically absent from *Nitardy*, but present in *Hall* and this case, is any indication that the person to be served was absent. Moreover, the present rules here do not just require service on the Commission, but service on the Commission "*at the Commission office*." CP at 59 (emphasis added) (citing MCSR 18.15(d)). The absence of Commission staff from the Commission office certainly factors into the reasonableness of alternative manners of service. This issue was not before the court in *Nitardy*.

¶23 Also important to our decision that Skinner substantially complied with service requirements is the fact that there was no prejudice here. The Commission filed a notice

of appearance in the superior court six days after Skinner served the Medina city clerk and the Commission joined the City's motion to dismiss on November 15, 2006. The City does not and cannot argue that the Commission was prejudiced by Skinner's manner of service.

¶24 Because Skinner substantially complied with service requirements, the superior court did not lack appellate jurisdiction based on improper service.

## CONCLUSION

¶25 Because we hold that a valid motion for reconsideration tolls the period for appeal of a civil service commission decision under RCW 41.12.090, Skinner's appeal was timely. Though Skinner did not strictly comply with service requirements, we apply the general rule that substantial compliance with service requirements is sufficient and find that Skinner's method of service was reasonably calculated to provide actual notice to the Commission. We therefore affirm the Court of Appeals' determination that the superior court incorrectly granted the City's motion for summary judgment.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, SANDERS, CHAMBERS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.