## HOLLON PARKER AND JOHN F. BOYER, APPELLANTS,

### *v.*

## TIMOTHY P. DENNEY, APPELLEE.

The notice of appeal to this Supreme Court, and the notice in case of error, while intended by the legislature to be similar in structure, do not necessarily assume the same form. The one contains a particular description of the errors assigned, while the other contains only a specific list of injurious rulings, orders, or decisions. The object of both is to narrow the range of controversy, and to apprise the opposite party and the appellate Court of its extent.

At common law, an assignment of errors was a pleading whose allegations were to be tested by the record, and the nature of our statutory notice is essen-

tially the same.    The list of objectionable rulings in the notice of appeal is not in the nature of a pleading, but rather of an election; but the same rules of brevity and simplicity should apply to the latter as to the former.

In a notice of appeal, it is sufficient to state that the appellant has been aggrieved by the orders, rulings, and decisions following, and then severally enumerate them by descriptions sufficient to identify each.

A bill of exceptions has no place and performs no office in a Chancery Court.

APPEAL from First Judicial District, holding terms at Walla Walla.

*A. E. Isham,* for Appellants.

*John B. Allen,* for Appellee.

Opinion by GREENE, Chief Justice.

We are agreed that the formal defects of this notice of appeal, in regard to the title of the Court, and title of the cause, and the particular description of the judgment appealed from, are not such as would warrant a dismissal of the appeal.    It is not every non-compliance with the provision of Section 458 that will fall outside the saving provisions of Sec. 464.    What the Court is, from which the appeal is taken, and what the cause and judgment are which are brought here, sufficiently appear from the notice.    In these particulars there is a substantial compliance with the statute.    But this notice has faults not so easily overlooked.    Two sorts of notices are prescribed by Section 458.    One is for cases in error, the other for cases upon appeal.    These two, though intended to be similar in structure, do not necessarily assume the same form.    The one must contain a particular description of the errors assigned ; the other a particular description of each ruling or order whereby the appellant claims to have been aggrieved ; or in other words, one must have in it a specific assignment of error, the other a specific list of injurious rulings, orders, or decisions.    A like purpose is intended to be accomplished both by the list and by the assignment.    It is to narrow the range of controversy to its *minimum,* to define it, and to apprise the adverse party and the appellate Court of its extent.    But the nature of the device for effecting this purpose is different in the one from what it is in the other.    Under the old common law practice, an assignment of errors was a pleading, the allegations whereof were to be proved by

II. WASH.—12.

the production of the record from the lower Court, and its nature is still the same when incorporated in the notice required by our statutory practice. But the list of obnoxious rulings required to be in the notice under our statute, in an appeal case, is not in the nature of a pleading but of an election. Notwithstanding this distinction, however, there is no reason why the same rules for brevity and simplicity of statement should not apply as well as to the list as to the assignment. They have been assimilated by the Legislature, on purpose to simplify and unify the procedure for getting common law and chancery cases into this Court for review. It is possible to choose a form of words which will serve equally well for the one as for the other. All the statute requires on appeal is, a particular description of every ruling, order, decree, or decision whereby appellant has been aggrieved. What more is it necessary for him to say, then, than that he has been aggrieved by the orders, rulings, and decisions following, and then enumerate them severally by descriptions sufficient to identify each? But in the notice before us, the particular description of orders objected to is a bewildering mass of involved statement, repetition and surplusage. Sixteen or eighteen pages are filled with a stretching and stuffing of what might be amply stated in a couple of pages. All that was done by the referee was covered by the order of the Judge in passing upon the referee's report. A designation of that single order, as one by which appellant has been aggrieved, would have been enough to bring before this Court the entire doings of the referee. We feel compelled to strike from this notice, therefore, all in it relating to interlocutory matter. This will not necessitate a dismissal of the appeal, although it may render an amendment of the notice desirable. We wish to say further in regard to this notice, that it is altogether too prolix from beginning to end. Among other peculiarities, we remark that it embodies matter, showing that a bill of exceptions was made in the lower Court, and includes much that constitutes that bill. A bill of exceptions has no place nor function in a chancery cause. Besides encumbering the records, it greatly and uselessly enhances costs.

Motion denied; and it is ordered that all matter in the transcript from the 3d line of page 286 to the 16th line of page 307, inclusive, be stricken out.