[No. 4651–6–III.   Division Three.   May 5, 1983.]

THE CITY OF SPOKANE, *Appellant,* v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, ET AL, *Respondents.*

*James C. Sloane, Corporation Counsel,* and *Christine Cary* and *Patrick Dalton, Assistants,* for appellant.

*Kenneth O. Eikenberry, Attorney General, Thomas R. Chapman, Assistant,* and *Thomas M. Smith,* for respondents.

ROE, C.J.—Claimant Robert A. Wilson suffered an industrial injury. The Department of Labor and Industries found him 25 percent disabled. Upon appeal to the Board of Industrial Insurance Appeals (Board), he was found totally and permanently disabled. His employer, the City of Spokane, gave notice of appeal to the superior court. The City prevailed in the superior court, but a jurisdictional question has arisen; that is, did the City properly serve the Director of the Department of Labor and Industries as provided by statute?

In a prior unpublished decision of this case it was held proper service had not been made. On review, the Supreme Court, in a consolidated case, *In re Saltis,* 94 Wn.2d 889, 621 P.2d 716 (1980), remanded this one to the trial court to determine if (1) the Director received actual notice of appeal to the superior court, or (2) the notice of appeal was served in a manner reasonably calculated to give notice to the Director.

Pursuant to the remand, the Superior Court made the following finding of fact:

> It is not shown that the Director of the Department of Labor and Industries actually received Notice of Appeal from the City of Spokane, nor is it shown that anyone in the Department actually received the Notice of Appeal.

This unchallenged finding of fact must be accepted as a verity. Therefore, we do not reexamine the facts to determine if the Director actually received notice of the appeal.[1]

---

[1]The dissent improperly relies upon the fact that the Department appeared and defended to support its argument that the Director must have had notice.

The remaining question is to determine whether the notice was "served in a manner reasonably calculated to give notice to the Director." *In re Saltis,* at 896. Substantial compliance with the jurisdictional notice requirement is sufficient to perfect subject matter jurisdiction under RCW 51.52.110. *In re Saltis,* at 896.

Except as provided in RCW 51.52.110, all jurisdiction of the courts of this state for workers' injuries is abolished by the Industrial Insurance Act. RCW 51.04.010. RCW 51.52-.110 provides that a person who wishes to appeal a decision and order of the Board must file with the clerk of the court a notice of appeal and serve a copy thereof by mail or personally (1) on the Director of the Department of Labor and Industries, and (2) on the Board. The Board is an independent agency and is not a part of, or connected with, the Department of Labor and Industries. RCW 51.52.010; *Parks v. Department of Labor & Indus.,* 46 Wn.2d 895, 286 P.2d 104 (1955); *Karniss v. Department of Labor & Indus.,* 39 Wn.2d 898, 239 P.2d 555 (1952). These separate entities have offices in different buildings in Olympia. Compliance with the elements of RCW 51.52.110 to provide the superior court with appellate jurisdiction has been the rule. Although the *Saltis* court warned against "slavish adherence" to the following cases, they were not overruled.

> *Lidke v. Brandt,* 21 Wn.2d 137, 150 P.2d 399 (1944) (personal service on Spokane office assistant supervisor was jurisdictionally faulty); *Rybarczyk v. Department of Labor & Indus.,* 24 Wn. App. 591, 602 P.2d 724 (1979) (service by mail on "Board Chairman," not Director of Department, was jurisdictionally faulty). We have refused to allow the superior court to exercise its special limited jurisdiction unless "the steps prescribed by the statute have been followed." *MacVeigh v. Division of Unemployment Compensation,* 19 Wn.2d 383, 385, 142 P.2d 900 (1943) (failure to file notice of appeal with superior court clerk proved jurisdictionally fatal); *Smith*

---

The Supreme Court knew that at the time of its remand. If that fact alone confers jurisdiction, the Supreme Court would have so held and never remanded for factual findings by the trial court.

*v. Department of Labor & Indus.*, 23 Wn. App. 516, 596 P.2d 296 (1979) (personal service mail on Attorney General's office, not Director of Department, was jurisdictionally faulty).

*In re Saltis,* at 894.

■ *Smith v. Department of Labor & Indus.*, 23 Wn. App. 516, 596 P.2d 296, *review denied,* 92 Wn.2d 1013 (1979) held the State has no authority to waive the limitations imposed by the statute. The statute is mandatory and jurisdictional and may be raised at any time.

■ Here, there was no acknowledgment of service by the Director, either by separate instrument or by endorsement on the notice of appeal. There was no affidavit evidencing personal service or service by mailing on the Director. The mere fact that a respondent in a lawsuit or his counsel may acquire a copy of the process does not necessarily constitute service. *See Adkinson v. Digby, Inc.,* 99 Wn.2d 206, 209–10, 660 P.2d 756 (1983); CR 4(d)(5); CR 12(b).

On remand the trial court made the following findings of fact:

II.

That the City of Spokane as the aggrieved party from the decision of the Board of Industrial Insurance Appeals, prepared a Notice of Appeal to Superior Court and directed it to the following parties: "To THE BOARD OF INDUSTRIAL INSURANCE APPEALS OF THE STATE OF WASHINGTON AND DIRECTOR OF DEPARTMENT OF LABOR AND INDUSTRIES." Said Notices of Appeal were mailed on February 18, 1977.

III.

The Notice of Appeal to Superior Court was. sent to the Board of Industrial Insurance Appeals and to the Director as follows:

Board of Industrial Insurance Appeals
State of Washington
Capital Center Building
410 West 5th
Olympia, Washington 98504

Director
Board of Industrial Insurance Appeals
2nd Floor, Capital Center Building
410 West 5th
Olympia, Washington 98504

IV.

That on or about February 22, 1977 the Board of Industrial Insurance Appeals received the Two Notices of Appeal concerning the appeal by the City of Spokane from the decision of the Board of Industrial [Insurance] Appeals, involving the claim of Robert A. Wilson. That on that date, Adriene [sic] Gies, made a copy of one of the notices of appeal and placed it in the file of the Department of Labor and Industries which was at that time in her custody and control. She then put the original Notice of Appeal, and the envelope from the City of Spokane addressed to the Director, and deposited it in the Campus Mail and directed it to the Director's office.

V.

The log kept by the Department of Labor and Industries does not show receipt of a Notice of Appeal from the City of Spokane; however, this does not mean that notice was not received.

VI.

It is not shown that the Director of the Department of Labor and Industries actually received Notice of Appeal from the City of Spokane, nor is it shown that anyone in the Department actually received the Notice of Appeal.

From these findings the court concluded as a matter of law the appellant City "did not serve the Director of the Department of Labor and Industries in a manner reasonably calculated to get there, and therefore has not met the requirements of RCW 51.52.110." The court then held there was no jurisdiction to hear the appeal and dismissed it.

The fault in this case was not in framing an erroneous notice of appeal because the notice was directed to the Board and also to the Director of the Department of Labor and Industries. Rather, the error was in enclosing one of such notices in an improperly addressed envelope. One envelope was addressed to the Board at its proper address in Olympia, Washington; but notice to the Director,

Department of Labor and Industries, was in an envelope erroneously addressed as follows:

Director
Board of Industrial Insurance Appeals
2nd Floor, Capital Center Building
410 West 5th
Olympia, Washington 98504

The City never sent a notice correctly addressed to the Director, nor to his office at the Department of Labor and Industries. The address on the envelope containing the proper notice of appeal was erroneous in two respects: first, there is no Director, Board of Industrial Insurance Appeals. The envelope should have been addressed to Director, Department of Labor and Industries. The second error in the address is that the Director of the Department of Labor and Industries is independent from the Board and has a different address at a different building in Olympia, Washington.

The record disclosed an employee of the Board, Adrienne Gies, received both notices. She filed one in the Board file and copied the other and placed the copy in the Department file. She then placed the original notice of appeal in an envelope addressed to the Director, readdressed it to the Department of Labor and Industries, General Administration Building, and placed it in the campus (*i.e.*, interagency) mail.[2] The resolution of this case depends upon the testimony of Adrienne Gies who testified she received the two notices of appeal on the same day addressed to the Board and Director, Board of Industrial Insurance Appeals,

---

[2]Testimony as to what this witness meant by Director, that is, whether it was the Director of the Department of Labor and Industries, or, as stated on the envelope, the Board of Industrial Insurance Appeals, is not clear because at times the witness merely responded as to whom the letter was mailed or addressed as Director, without stating Director of the Department of Labor and Industries. It is, of course, known that there is no Director of the Board; nevertheless, that was the way the original envelope was addressed and it could appear that the witness may have been using that same terminology, "Director", which would imply the Board. We assume that the wrong address was corrected and also that the wrong name was changed to the Director of the Department of Labor and Industries.

at the Capital Center Building in Olympia. When asked by the court what her procedure was when she received a copy addressed to the Director (presumably the Director of the Department of Labor and Industries), she stated she stapled everything together to the envelope, and put it in a cardboard box which is the mail service to the Department of Labor and Industries. That was her regular procedure. She would readdress the envelope properly to the Director, Department of Labor and Industries, General Administration Building, Olympia, Washington, which is the correct address. She also stated:

Q Isn't it a fact that you can't state whether or not the Director or anyone at the Department of Labor and Industries got what you attempted to send to them through the campus mail system?
A I have no way of knowing for sure. We never check.
Q There is no procedure established to determine to make sure they did get what you sent them?
A No. [*sic*]

She also testified that sometimes notices which were properly addressed to the Director with the address of the General Administration Building nevertheless were received at the Board's address in the Capital Center Building. She also stated she could not state whether or not anything she had sent from her office would in fact have been received by the Department (of Labor and Industries). The court then questioned her:

[A]re you testifying with what would most likely have happened from your habits and familiarity?
A Probably from habits and what happened . . .

The rerouting was not done by putting the notice in a new envelope. According to Adrienne Gies, it was the same envelope. When asked whether she kept one notice of appeal when she received two (both addressed specifically to the Director), she answered:

A Not if they're both to the Director. I would still call.
Q The appellant. What if you received two addressed to the Board?

A  I would keep both of them. We, sometimes we have that.

She testified:

Q  If you received two of them addressed to the Board, where would those copies of the Notice of Appeal be placed?
A  In the appeal record.
Q  In the Board file?
A  In the Board file.[3]

In its memorandum decision the court stated:

The sender of that notice [the City] would not reasonably have been able to calculate that a clerk typist opening the mail in the Board's office would understand that when he addressed a letter to the Director of the Board what he really meant was to send the letter to the Director of the Department [of Labor and Industries], and not only did he get that name wrong he got the address wrong too. . . . there's a lot of confusion between the Department and the Board and if the Board got one notice they should have understood that the other one was for the Director and the word Director should have triggered something . . .

The court also noted Mrs. Gies had received a lot of these notices and had testified, from looking at the situation now, that is what she would have done. The court stated: "I think it's entirely possible this is not exactly what she would have done." The court concluded the appellant did not meet the required standard for service by sending a notice to the wrong address and to a person who, in fact, did not exist, and that such procedure was not reasonably calculated to give notice to the Director of the Department of Labor and Industries. If the notice of appeal is served in a manner which is not reasonably calculated to give notice to the Director, there has not been substantial compliance. *In re Saltis,* at 896.

■■  Essentially, this case is a factual one, *i.e.,* whether the trial judge believed the testimony of Adrienne Gies as

---

[3]In this case she actually received two notices addressed to the Board, though one was prefaced by "Director".

to established office procedure which would satisfy the statute. The trial court did not make a finding that there was an office procedure which was reasonably calculated to effect service. Failure to make a finding is construed against the person in whose favor the finding would have been made. *Golberg v. Sanglier,* 96 Wn.2d 874, 880, 639 P.2d 1347, 647 P.2d 489 (1982); *Batten v. Abrams,* 28 Wn. App. 737, 744, 626 P.2d 984 (1981).

If we were to hold this service sufficient, it would effectively make any governmental agency, in this case the Board, a repository of all notices of appeal which are to be served on the Director of the Department of Labor and Industries. In *Saltis,* the service on a director was effected when the notice was mailed to the same department, whose employees have a duty to correctly distribute the mail in the ordinary course of business. Imposing a duty on the Board and its employees to distribute incorrectly addressed mail to another agency is not the same. Would that be true, the statute would become meaningless. If this reasoning were adopted, service could be made by sending all notices to the Governor's office, if that office had a policy of mailing them on to the appropriate agency, even though a statute provided for service on the specific agency. The Legislature provides the specific method of instituting an appeal. We should adhere to the statutory requirements.

Accordingly, we affirm the trial court.

GREEN, J., concurs.

McINTURFF, J. (dissenting)—The majority opinion precludes the City of Spokane from having its day in court because of a clerical error made while addressing an envelope—even though the Attorney General appeared for the Director and defended the Department. I must dissent.

A person aggrieved by a decision of the Board of Industrial Insurance Appeals (Board) may appeal to the superior court by serving notice by mail or personally on the Board and on the Director of the Department of Labor and

Industries (Department). RCW 51.52.110. This notice requirement is a practical one meant to insure that interested parties receive actual notice of appeals of Board decisions. *In re Saltis,* 94 Wn.2d 889, 895, 621 P.2d 716 (1980).

Proper service under RCW 51.52.110 may be shown with proof that the Director received actual notice or that the notice was served in a manner reasonably calculated to give notice to the Director. *Saltis,* at 896. Substantial compliance with procedural rules is sufficient to provide the superior court with jurisdiction over the appeal of Department cases. *Saltis,* at 896. Substantial compliance has been equated with satisfying the "spirit" of a procedural requirement. *Fisher Bros. Corp. v. Des Moines Sewer Dist.,* 97 Wn.2d 227, 230, 643 P.2d 436 (1982).

The record indicates the notices were properly addressed but that the envelope which contained the notice intended for the Director was inadvertently addressed to the Board. The envelopes were received by a Board employee who readdressed the Director's envelope and deposited it in the interagency mail service for delivery to the Department.

A log maintained by the Department for recording notices of appeal does not show receipt of the City's notice. However, the trial court specifically found that the lack of such an entry does not mean the notice was not received. This finding was based on affidavits pertaining to the internal operation of the Department at the time the notice was sent. The Director's confidential secretary stated she had delegated the responsibility of logging notices to a temporary, inexperienced secretary and that the appeal may have been received without having been logged in. This temporary secretary stated that eight or nine bomb threats had been received during this time. These bomb threats, sometimes occurring twice a day, necessitated the evacuation of their building. She also stated that notices of appeal may have been received but not logged in. The possibility of incomplete recordkeeping was substantiated by a comparison of the Director's log with the log maintained by the Attorney General's office. This comparison shows that

of the 17 appeals filed during the same month as the City's appeal, 6 do not appear on the Director's log.

The purpose of serving notice is to apprise a party that his person or property is in jeopardy. *Watson v. Washington Preferred Life Ins. Co.,* 81 Wn.2d 403, 408, 502 P.2d 1016 (1972); *Ware v. Phillips,* 77 Wn.2d 879, 882, 468 P.2d 444 (1970). The purpose for the rule has been satisfied. The Department appeared and defended. Common sense tells me the Director was served with the notice of appeal. The Supreme Court recognized this and stated: "It seems beyond doubt that the Department had notice of the proceeding." *Saltis,* at 892. Service must be considered accomplished if there is evidence the Director actually received notice of the appeal. *Saltis,* at 895. The Department must have received notice. Why else would it have appeared and defended?

It appears the only obstacle preventing a decision on the merits is the lack of an entry in the Director's log. I cannot subscribe to a system of fairness which opens and closes its doors on the basis of such technicalities. The trend is clear. Disputes are to be resolved on their merits. This was the underlying rationale in *Saltis* when our Supreme Court adopted the doctrine of substantial compliance to jurisdictional statutes:

> [T]he basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as "the sporting theory of justice."

*Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 767, 522 P.2d 822 (1974).

*In re Saltis, supra* at 896.

The decision of the Superior Court should be reversed and the Department's findings reinstated.

Reconsideration denied June 1, 1983.

Review denied by Supreme Court August 12, 1983.