[Nos. 13813-5-III; 14409-7-III.    Division Three.    May 16, 1996.]

DALE K. BLACK, *Appellant*, v. DEPARTMENT OF LABOR AND INDUSTRIES, ET AL., *Respondents*.

*Matthew S. Sweeting*, for appellant.

*Christine O. Gregoire, Attorney General*, and *A. Craig McDonald* and *Jean M. Wilkinson, Assistants*, for respondents.

SCHULTHEIS, A.C.J. — The Department of Labor and Industries denied Dale Black's request for workers' compensation benefits and the Board of Industrial Insurance Appeals affirmed. He appealed to Kittitas County Superior Court. The court dismissed the appeal, finding

Mr. Black failed to comply strictly or substantially with a jurisdictional requirement of RCW 51.52.110 that he serve notice of appeal on the director of the Department. When the court denied reconsideration, Mr. Black moved the Board to compel it to provide proof it had mailed a copy of its final order to the Department in compliance with RCW 51.52.106. The Board denied the motion and Mr. Black again appealed to the superior court. The court dismissed the appeal and awarded the Department statutory attorney fees. In these consolidated appeals, Mr. Black contends (1) he substantially complied with RCW 51.52.110 by serving notice on the Department's attorney of record, an assistant attorney general; (2) the Board's failure to show it complied with RCW 51.52.106 tolls the 30-day appeal period until it produces proof of compliance; and (3) the award of statutory attorney fees to the Department was inappropriate. We reverse and remand in part and affirm in part.

### No. 13813-5-III

In August 1991 the Department denied Mr. Black's request for workers' compensation benefits. The Board granted his appeal and, in July 1992, an administrative law judge (ALJ) issued a proposed decision and order affirming the Department. Mr. Black petitioned the Board for review. On September 14, 1992 the Board issued its order denying review and adopting the proposed order as its final order.

On September 28 Mr. Black's attorney filed notice of appeal in superior court and sent copies of the notice to the ALJ, the assistant attorney general who had represented the Department, and his client Mr. Black. On October 5 the assistant attorney general, Frances Chmelewski (formerly Wagner), filed a notice of appearance for the Department.

In April 1993 the matter was scheduled for a September 21, 1993 trial. On September 9 Assistant Attorney Gen-

eral Chmelewski on behalf of the Department filed a motion to dismiss the appeal, alleging the court lacked subject matter jurisdiction because Mr. Black had not served notice on the director of the Department.

The jurisdictional requisites for appealing a Board decision and order are set forth in RCW 51.52.110, which gives a worker 30 days within which to perfect an appeal in superior court, as follows:

> Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board. If the case is one involving a self–insurer, a copy of the notice of appeal shall also be served by mail, or personally, on such self–insurer. The department shall, in all cases not involving a self–insurer, within twenty days after the receipt of such notice of appeal, serve and file its notice of appearance and such appeal shall thereupon be deemed at issue.

The notice requirement is a practical one meant to insure that interested parties receive actual notice of appeals of Board decisions; thus, substantial compliance is sufficient to invoke the appellate jurisdiction of the superior court. *In re Saltis*, 94 Wn.2d 889, 895–96, 621 P.2d 716 (1980). Substantial compliance occurs if (1) the Director received actual notice of the appeal, or (2) the notice of appeal was served in a manner reasonably calculated to give notice to the director. *Id.* at 896.

On September 20, 1993, a court commissioner decided service on the Department's attorney constituted substantial compliance and denied the motion to dismiss. The Department moved for revision of the commissioner's ruling. The court granted the motion and dismissed the appeal. Mr. Black moved for reconsideration. The court denied the motion by memorandum decision. The court found Mr. Black did not substantially comply with RCW 51.52.110, and concluded:

> [T]his court is bound by a line of decisions which expressly state that service on the Attorney General's Office not only

fails to meet the requirements of RCW 51.52.110 but is not even contemplated as necessary by the statute. Service on the Attorney General's Office alone does not meet the requirements of RCW 51.52.110, even when the office has filed a notice of appearance on behalf of the agency named. *Petta v. Department of Labor and Industries*, 68 Wn. App. 406, 410[, 842 P.2d 1006] (1992)[, *review denied*, 121 Wn.2d 1012 (1993)].

In a footnote, the court listed as additional authority the following cases: *Spokane County v. Utilities & Transp. Comm'n*, 47 Wn. App. 827, 737 P.2d 1022 (1987); *Smith v. Department of Labor & Indus.*, 23 Wn. App. 516, 596 P.2d 296, *review denied*, 92 Wn.2d 1013 (1979); *Rybarczyk v. Department of Labor & Indus.*, 24 Wn. App. 591, 602 P.2d 724 (1979), *review denied*, 93 Wn.2d 1010 (1980); and *Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 796 P.2d 412 (1990).

The Department's and trial court's reliance on *Petta* is misplaced, because in that case *only* the attorney general's office was timely served. The worker's attorney had hired a process server to serve separate notices of appeal on the Office of the Attorney General, the Board and the director. While the attorney general's office was served, the Board and director were not. When the mistake was discovered several months later, date-conformed copies were served on the Board and director. Although the attorney general's office then filed a notice of appearance, the parties agreed neither the Board nor the director received actual notice of the appeal until $7^1/2$ months after expiration of the 30–day appeal period. Citing *Smith* and *Rybarczyk*, the court rejected the worker's contention that service on the attorney general's office constituted substantial compliance with RCW 51.52.110. The court continued:

> Further, even if service on the Attorney General's office constituted service on the Director of the Department, it would still not have constituted service on the Board. Because the Board and the Department are separate entities and service on both is required by RCW 51.52.110, the superior court still

would have lacked jurisdiction to hear this appeal. *Fay*, 115 Wn.2d at 199.

*Petta*, 68 Wn. App. at 410. Thus, *Petta* is not dispositive because the court here found Mr. Black timely served notice on the Board.

The Department's and trial court's reliance on *Rybarczyk* and *Smith* and the Department's reliance on *Lidke v. Brandt*, 21 Wn.2d 137, 150 P.2d 399 (1944) is also misplaced. When the Supreme Court moved away from the requirement of strict compliance in *Saltis*, 94 Wn.2d at 894–96, it specifically warned against slavish adherence to the precedent represented by *Lidke*, *Rybarczyk*, and *Smith*, each of which required strict compliance and did not consider whether notice was reasonably calculated to reach the intended parties.

The trial court's reliance on *Spokane County* is misplaced for a different reason. Review in that case was sought under the administrative procedure act (APA). We held mailing the petition for review to an assistant attorney general at an address that also houses the agency did not constitute substantial compliance with former RCW 34.04.130(2), a statute not at issue in this case. *Spokane County*, 47 Wn. App. at 829–32. The Supreme Court later ruled the doctrine of substantial compliance does not apply to the APA; therefore, the APA requirement that a party serve its petition for review on "all parties of record" is not satisfied by service on the parties' attorneys. *Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 619–20, 902 P.2d 1247 (1995).

In *Fay*, a self–insurer case also cited by the trial court, only the self–insured employer and the Board were served with notice. Ms. Fay did not realize she needed to serve the director, so service on the director was not attempted and the director did not receive actual notice within the appeal period. Thus, there was neither strict nor substantial compliance, and the trial court lacked jurisdiction.

*Fay*, 115 Wn.2d at 199. The court concluded, however, that service on the employer's attorney constituted proper service on the employer. *Id.* at 196, 199. Earlier, this court reached the same conclusion in *Vasquez v. Department of Labor & Indus.*, 44 Wn. App. 379, 384, 722 P.2d 854 (1986).

Mr. Black argues courts should not employ a double standard that holds service on the attorney representing a self–insured employer satisfies RCW 51.52.110 whereas service on the attorney representing the Department does not satisfy the statute. RCW 51.52.110 requires service of a copy of the notice of appeal by mail, or personally, "on the director and on the board," and if a self–insurer is involved, "on such self–insurer." If service on a self–insurer's attorney of record suffices, as *Fay* and *Vasquez* hold, why should not service on the Department's attorney of record also suffice? We agree it should.

When, as here, service is made on the individual assistant attorney general who actively represented the Department throughout the proceedings (she filed notice of appearance on behalf of the Department in December 1991 in the proceedings before the Board and represented it thereafter), it is a method of service "reasonably calculated" to give notice to the director of the Department, if it does not in fact provide actual notice. The notice of appeal itself was directed to the Board, the employer and the Department. Then, by filing and serving a notice of appearance for the Department within 20 days of receipt of the notice of appeal, the assistant attorney general fulfilled the Department's duties "and such appeal shall thereupon be deemed at issue." RCW 51.52.110.

Citing *City of Spokane v. Department of Labor & Indus.*, 34 Wn. App. 581, 582 n.1, 663 P.2d 843, *review denied*, 100 Wn.2d 1007 (1983), on appeal after remand by *Saltis*, the Department argues the fact the assistant attorney general filed a notice of appearance on behalf of the Department does not alone confer jurisdiction. In that case, however, notice was not sent to the assistant attorney general representing the Department. Instead, the City sent the

director's notice to the Board addressed "Director, Board of Industrial Insurance Appeals" at the Board's address. *City of Spokane*, 34 Wn. App. at 585. A majority of this court agreed with the trial court that sending notice to the wrong address and to a person who, in fact, did not exist was not reasonably calculated to give notice to the director. *Id.* at 585–88. We note Judge McInturff, dissenting, *id.* at 591, would have ruled there was sufficient evidence the director received actual notice because why else would the Department have appeared and defended?

We emphasize several important facts that distinguish this case from those cited by the trial court and the Department. Notice was served on the specific attorney at the Yakima attorney general's office who had been representing the Department in the proceedings, not simply on the state attorney general's office. She received the notice and immediately filed a general appearance on behalf of the Department, not a special appearance reserving the right to challenge jurisdiction based on improper service of notice. Then, nearly a year later and less than two weeks before trial, she moved to dismiss because of lack of notice to the director of the Department she represented, and because no one within the Department had ever received a notice directly from Mr. Black, not because the director lacked actual notice.

The Department's motion to dismiss was based on precisely the kind of procedural technicality the doctrine of substantial compliance is meant to avoid. Under the facts of this case, we find service on the Department's attorney of record constituted substantial compliance with RCW 51.52.110, consistent with the findings in *Fay* and *Vasquez* that service on a self–insurer's attorney is service on the self–insurer.

## No. 14409–7–III

On December 15, 1993 while his motion for reconsideration was pending in superior court, Mr. Black filed with

the Board a "Motion to Compel Notice of Actions of the Board of Industrial Insurance Appeals." He alleged the Board failed to mail to the Department the final order in this case, and at least 13 others of which counsel was aware, as required by RCW 51.52.106 and WAC 263–12. Mr. Black argued the Board's noncompliance meant the order was not yet final and no appeal could be pursued in superior court until the Board complied with the notice statute.

In February 1994 the Board denied the motion on jurisdictional grounds because the matter had been taken to superior court, and additionally concluded the motion was without merit. In March Mr. Black filed notice of appeal in the superior court. Both the Department and Board filed notices of appearance, and by agreement of the parties, the Board was granted leave to intervene as a party defendant. In June Mr. Black moved for summary judgment and entry of an order directing the Board to remedy its failure to comply with the statutory notice requirement. In October 1994 after considering the certified appeal record from the Board, plus affidavits and documentary evidence showing the Board utilized interoffice mail to send notices to the Department, the court denied the motion for summary judgment, dismissed the appeal, and awarded statutory attorney fees to the Department.

RCW 51.52.106 provides the Board may decline to review a proposed decision and order of an ALJ, in which case "all parties shall forthwith be notified in writing of said denial." If a petition for review is not denied within 20 days, it is deemed to be granted, after which the Board shall render a final decision and order, a copy of which "shall be mailed to each party to the appeal and to his attorney of record." RCW 51.52.106.

Mr. Black acknowledges both he and the Department actually received copies of the Board's written decision. The superior court did not err by dismissing the appeal, which was frivolous. As the prevailing party, the Depart-

ment was entitled to its statutory costs including statutory attorney fees and the court did not err in providing for them. RCW 51.52.140; RCW 4.84.030; *Allan v. Department of Labor & Indus.*, 66 Wn. App. 415, 422–23, 832 P.2d 489 (1992).

We reverse cause 13813–5–III because service of the notice of appeal on the Department's attorney of record was reasonably calculated to give notice to the director, and remand for a determination of the appeal on the merits; we affirm cause 14409–7–III.

MUNSON and THOMPSON, JJ., concur.

Review granted at 130 Wn.2d 1007 (1996).