[No. 64268-1.   En Banc.]

Argued February 12, 1997.      Decided April 3, 1997.

DALE BLACK, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Petitioner*, THE BOARD OF INDUSTRIAL INSURANCE APPEALS, *Respondent*.

548

*Christine O. Gregoire, Attorney General*, and *A. Craig McDonald, Assistant*, for petitioner.

*Matthew S. Sweeting* for respondent Black.

*Christine O. Gregoire, Attorney General,* and *Jean M. Wilkinson, Assistant,* for respondent Board of Industrial Insurance Appeals.

SANDERS, J. — The question in this case is whether service of notice of appeal on the assistant attorney general assigned to represent the Department of Labor and Industries substantially complies with RCW 51.52.110's requirement that the Department be served through its director. Under these facts, we conclude service substantially complied with RCW 51.52.110 and accordingly affirm the Court of Appeals and remand for a hearing on the merits.

## FACTS

Dale Black was injured in a work-related car accident.[1] He sought workers' compensation benefits. The Department of Labor and Industries (Department) denied benefits. The Board of Industrial Insurance Appeals (Board) affirmed. Black then appealed the administrative decision to the Kittitas County Superior Court by filing a notice of appeal in superior court. He mailed one copy of the notice of appeal to the Board and one to Assistant Attorney General Frances Chmelewski.

Chmelewski worked in the Labor and Industries Division of the Office of the Attorney General. She represented the Department in the Black proceedings before the Board below and continued to represent the Department in the

---

[1]Black worked as a truck driver and was injured when he swerved off the road to avoid hitting a herd of deer.

superior court.[2] Chmelewski immediately filed a general notice of appearance which stated "the Washington State Department of Labor and Industries through Kenneth O. Eikenberry, Attorney General, and the undersigned Assistant Attorney General, hereby appears in this action." Clerk's Papers at 2. There is no indication in the record when or if the director of the Department ever received actual notice.

A year later, after appearing and scheduling a trial date and fewer than two weeks before that trial date, Chmelewski filed a motion to dismiss, alleging Black never served notice of appeal on the Department's director as required by statute.[3] The superior court dismissed the appeal, finding service by mail on the assistant attorney general did not substantially comply with the statutory requirements of RCW 51.52.110. Black sought reconsideration and was denied.

While Black's motion for reconsideration was pending he initiated a second action alleging that the 30-day period within which his appeal had to be perfected had not even begun to run because of an alleged defect in the Board's issuance of its final decision. Black argued that because the Board had sent its final decision to the Department by interagency mail rather than by U.S. mail as apparently required, the Board had never rendered a "final decision" and thus the appeal period had not begun. Black made this argument even though he received the final decision by mail and instituted his appeal accordingly. The Board denied the motion as frivolous. Black appealed said denial to the superior court in an action separate from his substantive appeal. The superior court dismissed the ap-

---

[2]Following the trial court's dismissal there was a substitution of counsel for the Department and Assistant Attorney General A. Craig McDonald replaced Chmelewski.

[3]The Department advanced this argument even though the relevant statute states "[t]he Department shall, in all cases not involving a self-insurer, within twenty days after the receipt of such notice of appeal, serve and file its notice of appearance and *such appeal shall thereupon be deemed at issue.*" RCW 51.52.110 (emphasis added).

peal as frivolous and awarded the Department $125 in statutory attorneys' fees.

Black appealed both issues to the Court of Appeals. In a consolidated opinion, the Court of Appeals reversed the dismissal, finding service on the assistant attorney general assigned to the case substantially complied with the notice statute, but affirmed that the Board had rendered a final decision and affirmed the attorneys' fees to the Department associated with Black's appeal thereof in superior court. *Black v. Department of Labor & Indus.*, 81 Wn. App. 722, 731, 915 P.2d 1170, *review granted*, 130 Wn.2d 1007, 928 P.2d 414 (1996). Both parties sought review in this court.

## PERFECTION OF NOTICE OF APPEAL

The issue here is whether service of notice of appeal on the assistant attorney general assigned to represent the Department in the case substantially complies with the requirement that service be made on the Department through its director.

RCW 52.51.110, the provision in question, governs the procedures for filing an appeal in superior court from a final decision of the Board of Industrial Insurance Appeals regarding a workers' compensation award or denial thereof. In the case of an aggrieved worker appealing such final decision, the statute gives the worker 30 days to appeal and makes a distinction between "filing" an appeal and "perfecting" one:

> If such worker . . . fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board shall become final.
>
> Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board. . . .

RCW 51.52.110.

The statute defines "director" as the director of the Department of Labor and Industries and "Board" as the Board of Industrial Insurance Appeals. RCW 51.08.060; 51.52.010. The director is not a party to the appeal but is designated only as recipient of service of notice of appeal. The Department itself is the named party.

The doctrine of substantial compliance in appellate matters has been a part of Washington law since territorial days. The Code of 1881, for example, directed that "An appeal or writ of error shall not be dismissed for any informality or defect in the notice or service thereof . . . ." CODE OF 1881, § 466. *See also Parker v. Denny*, 2 Wash. Terr. 176, 177, 2 P. 351 (1883) (certain formal defects in the notice of appeal may be overlooked under "substantial compliance").

■ We have characterized "substantial compliance" as "satisfaction of the 'spirit' of a procedural requirement . . . ." *Fisher Bros. Corp. v. Des Moines Sewer Dist.*, 97 Wn.2d 227, 230, 643 P.2d 436 (1982). "Substantial compliance has been found where there has been compliance with the statute albeit with procedural imperfections." *Continental Sports Corp. v. Department of Labor & Indus.*, 128 Wn.2d 594, 602, 910 P.2d 1284 (1996) (sending notice of appeal by Federal Express substantially complies with RCW 51.48.131 requirement that notice be sent by U.S. mail). For our most recent statement of the generally applicable test see *City of Seattle v. Public Employment Relations Comm'n*, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991) (" 'Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [the] statute.' ") (quoting *In re Santore*, 28 Wn. App. 319, 327, 623 P.2d 702, *review denied*, 95 Wn.2d 1019 (1981)).

■■ Substantial compliance is available in the appellate context because "[t]he distinct preference of modern procedural rules is to allow appeals to proceed to a hearing on the merits in the absence of serious prejudice to other parties. Therefore, substantial compliance with

procedural rules, other than those which constitute the most basic steps, is sufficient." *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 483, 848 P.2d 1337 (1993).

We have held an appellant substantially complies with RCW 51.52.110 if: "(1) the director received actual notice of appeal to the superior court *or* (2) the notice of appeal was served in a manner reasonably calculated to give notice to the Director." *In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980). *Saltis* has been followed and remains good law.[4]

The relevant inquiry therefore is whether service on the assistant attorney general assigned to represent the Department in the current matter is reasonably calculated to give timely notice of the aggrieved worker's appeal to the Department which is the interested party. Indeed, this court has held that "[t]he requirement of notice contained in RCW 51.52.110 is a practical one meant to insure that interested parties receive actual notice of appeals of Board decisions." *Saltis*, 94 Wn.2d at 895.[5]

The Department cites *Petta v. Department of Labor & Indus.*, 68 Wn. App. 406, 410, 842 P.2d 1006 (1992), *review denied*, 121 Wn.2d 1012, 852 P.2d 1091 (1993), which held service on the attorney general did not comply with RCW 51.52.110's notice requirement. *Petta's* application is limited for three reasons. First, *Petta* relied largely on *Smith v. Department of Labor & Indus.*, 23 Wn. App. 516, 596 P.2d 296, *review denied*, 92 Wn.2d 1013 (1979) and *Rybarczyk v. Department of Labor & Indus.*, 24 Wn. App. 591, 602 P.2d 724 (1979), *review denied*, 93 Wn.2d 1010 (1980), both of which were essentially overruled by *Saltis*. Second, Petta served the Office of the Attorney General

---

[4]*See, e.g., Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 199, 796 P.2d 412 (1990); *Petta v. Department of Labor & Indus.*, 68 Wn. App. 406, 409, 842 P.2d 1006 (1992); *Vasquez v. Department of Labor & Indus.*, 44 Wn. App. 379, 384, 722 P.2d 854 (1986); *Patterson v. Department of Labor & Indus.*, 37 Wn. App. 196, 198, 678 P.2d 1262, *review denied*, 101 Wn.2d 1025 (1984).

[5]The second means of satisfying *Saltis*, actual notice, is not relevant here because the record is barren on the issue of whether actual notice was received, nor does any party assert it was.

while Black served the particular assistant attorney general assigned to the case. *Petta*, 68 Wn. App. at 407. Serving the individual assistant attorney general is indeed more calculated to result in notice to the Department. Third, Petta served the attorney general without serving either the Department or Board and the *Petta* court took issue with his failure to serve the Board: "even if service on the Attorney General's office constituted service on the Director of the Department, it would still not have constituted service on the Board." *Id.* at 410. Here, Black served the Board separately. The Department also cites various other cases, none of which is dispositive.[6]

Black cites *Vasquez v. Department of Labor & Indus.*, 44 Wn. App. 379, 722 P.2d 854 (1986). There Vasquez served notice of appeal on the self-insurer's attorney rather than on the self-insurer as required by RCW 51.52.110.[7] *Vasquez*, 44 Wn. App. at 384. The court found service on the employer's attorney was reasonably calculated to give notice to the employer and concluded that Vasquez substantially complied with RCW 51.52.110. *Vasquez*, 44 Wn. App. at 384. In *Fay v. Northwest Airlines, Inc.*, 115 Wn.2d 194, 196, 796 P.2d 412 (1990) we assumed serving a self-insurer's attorney was sufficient service under RCW 51.52.110. *Vasquez* and *Fay* are on point. The fact that those cases involved service on the self-insurer under RCW

---

[6]The Department cites *Lidke v. Brandt*, 21 Wn.2d 137, 150 P.2d 399 (1944); *Smith v. Department of Labor & Indus.*, 23 Wn. App. 516, 518, 596 P.2d 296 (1979), *review denied*, 92 Wn.2d 1013 (1979); and *Rybarczyk v. Department of Labor & Indus.*, 24 Wn. App. 591, 602 P.2d 724 (1979), *review denied*, 93 Wn.2d 1010 (1980). All three cases, however, required strict compliance with RCW 51.52.110. *See, e.g., Smith*, 23 Wn. App. at 516 (strict compliance with all elements of RCW 51.52.110 is necessary). *Saltis* warned "against slavish adherence to the precedent [*Lidke, Rybarczyk . . .* and *Smith*] represent." *Saltis*, 94 Wn.2d at 895. *Lidke, Rybarczyk*, and *Smith* are overruled. The Department also relies on *Spokane County v. Utilities & Transp. Comm'n*, 47 Wn. App. 827, 737 P.2d 1022 (1987), which involved an appeal to the superior court of a utilities and transportation commission order under the Administrative Procedures Act (APA). This Court of Appeals case is not dispositive, particularly in light of *Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 902 P.2d 1247 (1995).

[7]The relevant portion of RCW 51.52.110 states: "[i]f the case is one involving a self-insurer, a copy of the notice of appeal shall also be served by mail, or personally, on such self-insurer."

51.52.110 rather than on the Department is of no meaningful difference.[8]

■■ We follow *Vasquez* and find that service on the assistant attorney general assigned to handle the case is reasonably calculated to give notice to the interested party, the Department. This result is consistent with "the distinct preference of modern procedural rules . . . to allow appeals to proceed to a hearing on the merits in the absence of serious prejudice to other parties." *Hoirup v. Empire Airways, Inc.*, 69 Wn. App. 479, 483, 848 P.2d 1337 (1993). We note there was no prejudice here. Our ruling is also consistent with our determination that "the guiding principle in construing provisions of the Industrial Insurance Act is that the Act is remedial in nature and is to be liberally construed in order to achieve its purpose of providing compensation to all covered employees injured in their employment, with doubts resolved in favor of the worker." *Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 470, 745 P.2d 1295 (1987).

We note several sister jurisdictions allow service on the attorney in similar cases. *See, e.g., Alberti v. Civil Serv. Comm'n*, 41 N.J. 147, 195 A.2d 297, 301 (1963) (where statute required notice of appeal be served on city, appellant substantially complied by serving attorney general where city promptly received actual notice from attorney general and was not prejudiced); *Schneider v. Emanuel Hosp.*, 20 Or. App. 599, 532 P.2d 1146, 1148 (1975) (where workers' compensation statute required service of notice of appeal on claimant, service on claimant's attorney suffices where no prejudice has been shown).

We clarify that our decision today does not conflict with *Union Bay Preservation Coalition v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 902 P.2d 1247 (1995). In *Union Bay* we held service of notice of appeal on the attorneys of record did not comply with the Administrative Procedure

---

[8]In fact, the attorney general has a statutory duty to represent the Department. RCW 43.10.040.

Act's (APA) requirement that notice of appeal be served on the "parties of record." *Id.* at 620-21. By its own terms, *Union Bay* does not apply here.[9] *Union Bay* was guided by legislative history which clearly directed "party of record" be limited to actual named parties and explicitly excluded attorneys of record from the definition. *Id.* at 620. Central to the court's finding was history that the APA at one time defined party of record to include attorneys of record but was later amended explicitly to remove attorneys of record from the definition. *Id.* at 619. The court wrote that the "unequivocal" legislative directive over the exclusion of attorneys of record from the definition of "party of record" foreclosed the possibility that substantial compliance could apply. *Id.* at 620.

In the present case there is no evidence that the Legislature explicitly meant to exclude service on the attorney general to the extent it did in *Union Bay*. *Union Bay* is therefore not applicable. The Legislature's directive in RCW 51.52.110 that "[t]he department shall, in all cases not involving a self-insurer, within twenty days after the receipt of such notice of appeal, serve and file its notice of appearance and *such appeal shall thereupon be deemed at issue*" supports our holding. RCW 51.52.110 (emphasis added).[10]

### FINALITY OF BOARD'S DECISION AND ATTORNEYS' FEES

After the superior court dismissed Black's appeal but

---

[9]*Union Bay* stressed it was expressly limited to the APA:

"Our ruling arises directly from the words of the APA and, for this reason, decisions applying the doctrine of substantial compliance to other statutes are not persuasive. Conversely, our refusal to permit service of petitions for judicial review on attorneys has no bearing on other statutes and other requirements of service. We decide only that Union Bay's service of its petition did not satisfy the APA's requirements."

*Union Bay*, 127 Wn.2d at 620.

[10]*See Continental Sports Corp.*, 128 Wn.2d at 604 (distinguishing *Union Bay* on grounds that unlike in *Union Bay*, the Legislature had not spoken so unequivocally over the exclusion of Federal Express from the definition of mail).

before the Court of Appeals reversed, Black argued the 30-day period within which his original appeal could have been filed had not even begun to run. Black relies on RCW 51.52.106 which states the Board "shall, in all cases, render a final decision . . . . [which] shall be mailed to each party . . . ." Black asserts because the Board sent its final decision to the Department *by interagency mail* rather than by U.S. mail, the 30-day period did not begin to run yet. The superior court dismissed this argument as did the Court of Appeals. We affirm.

■ The relevant statute, RCW 51.52.110, gives an aggrieved worker 30 days within which to appeal a Board decision to superior court. The 30-day period begins to run when the Board's decision is communicated to the aggrieved worker.[11] Here, the Board rendered its final decision and mailed it to Black, thereby starting the 30-day period within which Black could appeal to superior court. He timely did so. Two years later he asserted the 30-day period had not even begun because the Board mailed the decision by interagency mail to the Department. Black's argument is without merit. He does not advance a coherent argument to the contrary and cites no relevant case law. Dismissal was proper.

■ When the superior court dismissed this claim it awarded the Department as the prevailing party $125 in statutory attorneys' fees. Black contests this award yet offers no coherent argument why the award was improper. The statutory attorneys' fees were not awarded in error. RCW 4.84.030 states "[i]n any action in the superior court of Washington the prevailing party shall be entitled to his or her costs and disbursements . . . ." RCW 4.84.080(1) sets the statutory attorneys' fees at $125. These rules of procedure apply here. *See* RCW 51.52.140 (the rules of civil procedure shall apply in all appeals to the superior court under the industrial insurance act); *see also Allan v.*

---

[11]RCW 51.52.110 states: "within thirty days after the final decision and order of the board upon such appeal has been communicated to such worker, . . . such worker . . . may appeal to the superior court."

*Department of Labor & Indus.*, 66 Wn. App. 415, 422-23, 832 P.2d 489 (1992) (statutory attorneys' fees under RCW 4.84.030 properly awarded to Department as prevailing party in superior court).

## CONCLUSION

The Court of Appeals is affirmed. We hold service of notice of appeal under RCW 51.52.110 on the assistant attorney general assigned to represent the Department of Labor and Industries in the matter is reasonably calculated to result in notice to the Department. Dale Black perfected his appeal and the case is remanded for a hearing on the merits. We also affirm that the 30-day appeal period was triggered when the Board communicated its final order to Black and affirm the award of $125 in statutory attorneys' fees to the Department for Black's appeal of this issue.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and TALMADGE, JJ., concur.