# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOSEPH M. LOWE, | ) | No. 70361-7-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| PCL CONSTRUCTION SERVICES | ) | UNPUBLISHED OPINION |
| INC.; and THE DEPARTMENT OF | ) | |
| LABOR AND INDUSTRIES, STATE | ) | |
| OF WASHINGTON, | ) | |
| | ) | |
| Respondents. | ) | FILED: July 29, 2013 |

SPEARMAN, A.C.J — The sole issue in this appeal is whether the superior court, acting in its capacity as an appellate court hearing an appeal from the Board of Industrial Insurance Appeals (Board), had the authority to award the Department of Labor & Industries (Department) its cost of transcribing a perpetuation deposition used at the hearing before the Board. Rejecting Joseph Lowe's arguments that the superior court had no such authority, we affirm the award of costs.

## FACTS

Joseph Lowe injured his hip while working for PCL Construction Services, Inc. (PCL). The Department issued an order accepting responsibility for Lowe's hip condition

and finding that the condition was proximately caused by his industrial injury. PCL appealed the Department's decision to the Board.

At the hearing before the Board, PCL presented the testimony of its witnesses through perpetuation depositions. The Board reversed the Department order, finding that the preponderance of the evidence showed Lowe's hip condition was not the proximate cause of his industrial injury.

Lowe appealed to the Pierce County Superior Court, and the superior court affirmed the Board's decision. The court awarded PCL its costs under chapter 4.84 RCW, including $200 in statutory attorney fees and $1,161.65 in deposition transcription costs, for a total of $1,361. 65. Lowe moved for reconsideration on the issue of costs, and the superior court denied the motion. Lowe appeals, assigning error only the superior court's decision to award costs associated with the transcription of the perpetuation depositions.

## DISCUSSION

The only question at issue in this appeal is whether the superior court, acting in its appellate capacity, had the authority to award the cost of a perpetuation deposition under chapter 4.84 RCW. Statutory interpretation is a question of law that we review de novo. State v. Gray, 174 Wn.2d 920, 926, 280 P.3d 1110 (2012). Our primary duty in construing a statute is to ascertain and carry out the legislature's intent. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010).

A superior court is authorized to award costs to a prevailing party:

2

> In any action in the superior court of Washington the prevailing party shall be entitled to his or her costs and disbursements; but the plaintiff shall in no case be entitled to costs taxed as attorneys' fees in actions within the jurisdiction of the district court when commenced in the superior court.

RCW 4.84.030. The definition of "costs" that a superior court has the authority to award is set forth in RCW 4.84.010, and includes the reasonable expense of depositions used at trial:

> The measure and mode of compensation of attorneys and counselors, shall be left to the agreement, expressed or implied, of the parties, but there shall be allowed to the prevailing party upon the judgment certain sums for the prevailing party's expenses in the action, which allowances are termed costs, including, in addition to costs otherwise authorized by law, the following expenses:
>
> . . .
>
> (7) To the extent that the court or arbitrator finds that it was necessary to achieve the successful result, the reasonable expense of the transcription of depositions used at trial or at the mandatory arbitration hearing: PROVIDED, That the expenses of depositions shall be allowed on a pro rata basis for those portions of the depositions introduced into evidence or used for purposes of impeachment.

RCW 4.84.010(7).

Lowe argues the superior court had no authority to award the cost of a perpetuation deposition because it was acting "not as a trial court," but was instead "sit[ting] only in an appellate capacity." Opening Brief at 5. Lowe does not cite, however, any authority that supports his argument. Instead, he notes the language of the statute provides for costs incurred "in the action." See Id. (quoting RCW 4.84.010 and .030). According to Lowe, "in the action" refers only to a trial before the superior court; not to a trial before an administrative body. But nothing in the statutory scheme supports this interpretation. If the legislature had intended to limit the superior court's authority to

3

award costs in such a way it would have done so. In fact, the legislature did so with respect to costs incurred for actions within the jurisdiction of district courts:

> . . . but the plaintiff shall in no case be entitled to costs taxed as attorneys' fees in actions within the jurisdiction of the district court when commenced in the superior court

RCW 4.84.030. There is no such prohibition against costs incurred at a trial before an administrative body in RCW 4.84.030 or .010.

We also note that Washington courts have repeatedly held that an award of costs under chapter 4.84 RCW applies in the context of a superior court sitting in its appellate capacity. For example, in Ferenćak v. Dep't. Labor & Industries, 142 Wn. App. 713, 175 P.3d 1109 (2008), we explained why it is proper for the superior court, in an industrial insurance appeal, to award costs to the prevailing party:

> The superior court awarded the Department $200 in statutory attorney fees under RCW 4.84.030. Ferencak argues that this is an improper award of attorney fees under RCW 51.52.130, which states when attorney fees should be awarded in an industrial insurance appeal. But these two provisions do not deal with the same kind of attorney fees. RCW 51.52.130 allows for an award of actual attorney fees incurred by an injured worker or employer on appeal to the superior or appellate court. In contrast, RCW 4.84.030 allows the superior court to award costs to the prevailing party, and under RCW 4.84.080, those costs include a nominal statutory attorney fee award of $200. RCW 51.42.140 states that the rules of civil procedure apply in all industrial insurance appeals to the superior court, and the Washington Supreme Court has held that this provision allows the court to impose statutory attorney fees under RCW 4.84.030. Thus, we affirm the superior court's award of costs in the form of statutory attorney fees to the Department. (Footnote omitted)

Ferenćak, 142 Wn. App. at 729-30; see also Black v. Dep't. of Labor & Indus., 131 Wn.2d 547, 557-58, 933 P.2d 1025 (1997) (superior court has authority to award

statutory fees while sitting in appellate capacity) and Allan v. Dept. of Labor & Indus., 66 Wn. App. 415, 422-23, 832 P.2d 489 (1992) (same).

Lowe cites several cases that discuss when a trial court's award of costs for depositions was appropriate. See Opening Brief at 5-6 (citing Kiewit-Grice v. State, 77 Wn. App. 867, 895 P.2d 6 (1995); Tombari v. Blankenship-Dixon Co., 19 Wn. App. 145, 574 P.2d 401 (1978); Most Worshipful Prince Hall Grand Lodge of Washington v. Most Worshipful Universal Grand Lodge, 62 Wn.2d 28, 381 P.2d 130 (1963)). None of these cases discuss, however, the authority of a superior court to award costs when sitting in its appellate capacity. Rather, they simply hold that the prevailing party is entitled to the cost of depositions only if the depositions were taken and used for trial purposes. Kiewit-Grice, 77 Wn. App. at 874; Tombari, 19 Wn. App. at 150; Prince Hall Grand Lodge, 62 Wn.2d at 43. Here, the depositions at issue were perpetuation depositions taken for the purpose of preserving testimony to be used at the Board hearing and, if an appeal was taken, as part of the certified board record.

Lowe next argues that the superior court erred in awarding PCL the costs of depositions because depositions taken during Board proceedings are "inherently different from depositions taken in a civil trial[.]" Appellant's Brief at 7. Lowe cites WAC 263-12-117(1). But that regulation is of no help to Lowe; it simply reads: "[t]he industrial appeals judge may permit or require the perpetuation of testimony by deposition[.]" Lowe also cites WAC 263-12-117(2), which states that "[e]ach party shall bear its own costs except when the industrial appeals judge allocates costs to parties or their

5

representatives." But nothing in this regulation precludes the superior court from awarding costs to the prevailing party under RCW 4.84.010 and .030. Given Lowe has cited no authority in support of this argument, we decline to address it further. Lowe also notes that under RCW 51.52.110, the certified board record is filed in the superior court by the Board, at no cost to the parties. Although there is no cost associated with having the Board file the transcripts in the superior court, this does not mean there was no cost associated with taking the depositions in the first place, and again, nothing in RCW 51.52.110 precludes the superior court from awarding costs to the prevailing party. We reject these arguments.

Lowe further argues that an award of costs for perpetuation depositions is incompatible with the Industrial Insurance Act. According to Lowe, because the Industrial Insurance Act permits an employee claimant who prevails in a superior court appeal to be awarded attorney and witness fees (see RCW 51.52.130(1)), and because there is no corollary provision allowing prevailing employers an award of fees under the Act, therefore a superior court may not award costs under chapter 4.84 RCW. We disagree. Lowe cites Seattle School Dist. No. 1 v. Dep't of Labor & Indus., 116 Wn.2d 352, 804 P.2d 621 (1991) in support of his argument. But in that case, the Supreme Court did not discuss statutory attorney fees or costs awardable by the superior court. Rather, it explained the rationale for the one-way attorney fee provision in favor of employees under the Act:

6

> Employers and employees are not similarly situated with respect to the purpose of the Industrial Insurance Act attorney fee provision. . . . The individual employee receives an award to compensate the employee for personal injuries. Moreover, such injuries often involve permanent disabilities which render the employee financially dependent on such awards. Therefore, attorney fees may have a substantial adverse impact on the employee. By contrast, employers are not incapacitated and may simply treat attorney fees expended in industrial insurance actions as a cost of doing business, passing the cost on to the ultimate consumer. Disabled employees have no such option.

Seattle School Dist. No. 1, 116 Wn.2d at 363-64. Given the Supreme Court

in Seattle School Dist. No. 1 did not discuss costs under chapter 4.84 RCW,

we decline to interpret the case as holding the superior court is precluded

from awarding such costs in an Industrial Insurance Act appeal.[1]

Affirmed.

WE CONCUR:

Spearman, A.C.J.

Appelwick, J.

Becker, J.

---

[1] Lowe asks this court for attorney fees under RCW 51.52.130, as well as attorney fees and costs on appeal under RAP 18.1. Given the Department, not Lowe, is the prevailing party in this appeal, we decline his request for fees and costs.