

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| OLGA KOZUBENKO, | ) | |
| | ) | No.  35893-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR & | ) | UNPUBLISHED OPINION |
| INDUSTRIES, | ) | |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — Olga Kozubenko, appearing pro se, appeals the superior court's

dismissal of her petition for judicial review of a decision of the Washington State Board

of Industrial Insurance Appeals (Board).  She makes seven assignments of error, six of

which complain of decision making by the Board.  The seventh complains of events

transpiring in the superior court, confusing this case with a separate action in which she

prematurely sought judicial review of the same proceeding.

The response of the Department of Labor and Industries (Department)

demonstrates that the superior court properly dismissed Ms. Kozubenko's petition for

lack of jurisdiction.  The dismissal is affirmed.

FACTS AND PROCEDURAL BACKGROUND

On July 19, 2017, the Board adopted a proposed decision and order that had been issued by an industrial appeals judge (IAJ) on June 21, 2017, in a workers compensation appeal filed by Ms. Kozubenko. No petition for review of the proposed decision and order had been filed by either party so, as stated in the Board's order, it "adopts the order and it becomes the Decision and Order of the Board." Clerk's Papers (CP) at 28.

Ms. Kozubenko then submitted a late challenge to the IAJ's proposed decision and order, arguing that the time for challenging it should run from July 1, 2017, the date she allegedly received a Russian translation. She was notified by the Board by a letter dated July 28, 2017, that it considered her challenge untimely, but if she believed the Board's order adopting the proposed decision was erroneously issued, she could move the Board for relief from the order.

Rather than move the Board for relief from the order, on August 28, Ms. Kozubenko filed a notice of appeal in superior court "from [the Board's] Decision which was entered on July 28, 2017." CP at 36. She thereafter received a civil case schedule order in the case that had been signed by Judge Tony Hazel on September 29.

On December 11, the Department filed a motion to dismiss her appeal, identifying four grounds: first, that she had failed to seek timely review of the IAJ's proposed decision and order; second, that she had failed to seek timely review in superior court of the Board's July 19, 2017 order adopting the proposed decision and order; third, that she

2

No. 35893-3-III
*Kozubenko v. Dep't of Labor & Indus.*

had failed to serve the Board with her petition for judicial review; and fourth, that she had failed to serve the Department with the petition. The Department simultaneously filed a note for motion, setting its motion for hearing on January 19, 2018, at 9:00 a.m.

On the same day that it filed the motion to dismiss the action below, the Department moved to dismiss a separate, premature appeal that Ms. Kozubenko had filed in the superior court. Its basis for moving to dismiss the other case—Spokane County Superior Court cause no. 17-2-03213-6—was that Ms. Kozubenko failed to serve the Department with her petition for judicial review in that case as well. *See Olga Kozubenko v. Dep't of Labor & Indus.*, No. 35892-5-III, slip. op. at 2 (Wash. Ct. App. Feb. 28, 2019) (unpublished), http://www.courts.wa.gov/opinions/. The Department set both of its dismissal motions for hearing on January 19, although the motion in that matter was set later in the day, at 2:30 p.m. *See id.*

At the date and time set for hearing the Department's motion to dismiss this case, the assistant attorney general representing the Department appeared before Judge John Cooney, as did an interpreter for Ms. Kozubenko. The court noted Ms. Kozubenko's absence, stating:

> This matter was scheduled for hearing this morning at nine o'clock. It looks like she was provided notice. There's an affidavit of mailing in the file that was sent out December 11th. It's now ten minutes after nine and she hasn't appeared.

3

Report of Proceedings at 2. It observed that there were "three different bases for the Court to grant the motion," all jurisdictional, and that Ms. Kozubenko had not responded with any information that would answer the issues raised. *Id.* The court signed the Department's proposed order, modifying it to make clear that Ms. Kozubenko had not been present or participated in the hearing.

Ms. Kozubenko appeals.

## ANALYSIS

*Assignments of Error 1 - 6*

Ms. Kozubenko makes seven assignments of error, the first six of which complain about the Board's decision making. If the superior court lacked jurisdiction to hear her appeal, however, none of those issues are properly before us. We turn to the jurisdictional issues.

Under RCW 51.52.110 a decision and order from the Board can be appealed if a party follows the necessary steps. The statute provides that within 30 days after a Board decision is communicated, an aggrieved party may appeal to superior court, and:

> Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board.

RCW 51.52.110. The statute has been construed to require both filing and service within 30 days. *Fay v. Nw. Airlines, Inc.*, 115 Wn.2d 194, 198, 796 P.2d 412 (1990).

4

"An appeal from an administrative tribunal invokes the appellate, rather than the general, jurisdiction of the superior court." *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 555, 958 P.2d 962 (1998) (citing *Union Bay Pres. Coal. v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995)). "Acting in its appellate capacity, the superior court is of limited statutory jurisdiction, and all statutory procedural requirements must be met before jurisdiction is properly invoked." *Id.* Pro se litigants are held to the same standards as attorneys and are bound by the same rules of procedure and substantive law. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993); *Westberg v. All-Purpose Structures, Inc.*, 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

In moving for dismissal of the appeal, the Department submitted affidavits of employees of the Department and the Board establishing that neither was served with Ms. Kozubenko's petition to the superior court. It submitted copies of Board orders and other materials, authenticated by the assistant attorney general's declaration, demonstrating that Ms. Kozubenko had not timely sought review of the IAJ's proposed decision and order and that the Board order whose substance Ms. Kozubenko challenged was entered on July 19, 2017, not July 28, 2017. Ms. Kozubenko provided no evidence to the contrary.

Because the superior court lacked jurisdiction, dismissal was proper. None of Ms. Kozubenko's challenges to the Board's action can be raised in this appeal.

No. 35893-3-III
*Kozubenko v. Dep't of Labor & Indus.*

*Assignment of Error 7*

Ms. Kozubenko's seventh assignment of error states: "Superior Court erred in its decision not to review case records, while ignoring Kozubenko's brief, unlawfully change judge and failing to make sure that Ms. Kozubenko was informed by Department of upcoming hearings, Departments' motions and Court's decisions." Br. of Appellant at 7. Her brief devotes only a little more than a page to argument of this alleged error, with no citations to the record as required by RAP 10.3(a)(5) and (6). She appears to be confusing the facts of this case with those of her separate, premature appeal.

If she is not confused, but is simply making the same arguments in this case, those arguments fail for the reasons explained in our decision in *Kozubenko v. Department of Labor & Industries*, No. 35892-5-III, slip. op. at 4-6.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

6